## CASTELLUCIO, ET AL. v. CLOVERLAND DAIRY PRODUCTS CO., INC.

---

(May 2, 1928.   Opinion and Decree.)
(June 18, 1928.   Rehearing Refused.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Judgment—Par. 89, 91; Death by Wrongful Act—Par. 11.**

A judgment in favor of a beneficiary will be reduced in case of his death to the amount of his probable loss at that date.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Salvador Castellucio, et al. against Cloverland Dairy Products Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Scott E. Beer, of New Orleans, attorney for plaintiff, appellee.

J. C. Henriques and F. T. Doyle, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   The facts of this case are related in 115 So. Rep. No. 11, p. 796.

The wife of the plaintiff and mother of the minor, co-plaintiff, was killed by the fault of an employee of defendant. They sued the defendant in damages. There was judgment in favor of each for $2500. From this judgment the defendant appealed sus-

pensively. Pending the appeal the plaintiff, Salvador Castellucio, died leaving six major children who claimed the $2500 as heirs of their father. This Court affirmed the judgment in favor of the minor, but dismissed the claim of the six major heirs on the ground that the right of action of the father perished with him. Castellucio, et al. vs. Cloverland Dairy Prod., 7 La. App., No. 22, p. 534. This judgment of the Court of Appeal was reversed by the Supreme Court who held that "where beneficiary after recovering judgment in personal injury action dies pending appeal, his heirs inherit the judgment."

The Court ordered "that this case be remanded to the Court of Appeal for the Parish of Orleans for the purpose of making the heirs of Salvador Castellucio parties plaintiff and appellee to the proceedings in that Court, and that after making said heirs parties, the case as to the judgment in favor of Salvador Castellucio be proceeded with and be decided in due course."

It is agreed therefore that the only question for this Court to decide is the quantum of damages to which said heirs are entitled.

Is it to remain the same as was allowed by the trial court in favor of the father or must it be reduced by reason of the death of the father and beneficiary, Salvador Castellucio?

The ground of action of the plaintiff Salvador Castellucio, as set forth in his petition and according to Act 159 of 1918, p. 270, was three fold: the pain and suffering of his deceased wife, $5000, the deprivation of her companionship. $5000, and third, loss of her support, $5000.

He alleged in his petition that his deceased wife was injured on January 10, 1924, when she was 61 years of age and in vigorous health; that the blow inflicted upon the right side of her head a wound three inches long which fractured her skull; that she was immediately taken to the hospital where she remained until January 18th, when she was removed to her home and died on February 6, 1924; that from the date when she received the blow she suffered great physical pain and mental agony; that from his marriage with his deceased wife he had six children, all now of age, except one the co-plaintiff, who is now 17 years of age; that the plaintiff was an old man absolutely dependent for maintenance and support upon the labor of his wife; that he is almost totally blind and cannot work or earn a living; that he depended upon his wife for all his wants; that by her industry and labor his wife earned about $2 a day which constituted the support of plaintiff and of his daughter.

The learned trial judge found that the deceased wife was aged and partly incapacitated from severe work and was a peddler of vegetables from which she earned about $2 a day which she applied to the support of her husband.

The trial judge in rendering judgment in favor of Salvador Castellucio for $2500 did not divide the amount for each separate cause of action, but gave judgment for a lump sum, without even mentioning the separate causes of action, for suffering of the deceased, loss of companionship, and loss of support.

The defendant and appellant now contends before this Court that by reason of the death of Salvador Castellucio on December 28, 1925, about 22 months after the injury to his wife, the judgment should be reduced by some amount.

It must not be forgotten. indeed it must be kept in mind as the pivotal point in

this case in fixing the amount of damages in favor of the major children and heirs of their father, that they are not claiming in their own right, under the statute of 1918 amending Article C. C. 2315, but that they are standing before this Court at this time as the children and heirs of their father under the decision of the Supreme Court in their favor, and under the article of the code.

This is the fundamental error, it seems to us, the learned counsel of the defendant has fallen into in his argument before this Court and in his brief. He treats the children, who have been substituted in the place of their father in this Court, as claiming in their own right, while in truth they are entitled as heirs of their father to all which he could claim. It is therefore immaterial whether these children supported their mother, or were supported by her, or whether they entertained any affection for her, or whether they suffered from the want of her love and affection.

We are not to ascertain how much the children suffered and lost by the death of their mother, because they are not her beneficiaries; but how much she suffered by the accident, and how much her surviving husband, as her beneficiary, suffered and lost by his wife's death, and how much, as such beneficiary, he transmitted to his children, whose only right of action is as heirs of their father.

I. As far as the pain and suffering endured by the deceased wife are concerned, we cannot see how that element of damage can be affected by the subsequent death of the plaintiff, her husband. Her husband acquired her right of action under the statute, and his children inherited his right of action.

II. We presume that the probable duration of plaintiff's life, and the deprivation of his wife's companionship and assistance, during that length of time were factors in estimating plaintiff's loss. But there is nothing to show that any reasoning of that kind influenced the judge in his judgment.

III. If we consider that the plaintiff died 22 months or 660 days, after his wife, and that she earned $2 a day during that time, then we reach a certainty that he lost at least one-half of $1320 by the death of his wife in the nature of support.

Allowing $750 for the last item, and $500 for each of the other two items, we reach a total sum of $1750 which is the amount of plaintiff's loss at the moment of his death, and the amount which he transmitted to his children by right of succession or inheritance.

For the above reasons we are of the opinion that the judgment should be reduced.

It is therefore ordered that the defendant herein, the Cloverland Dairy Products Company, Inc., be condemned to pay to the heirs of Salvador Castellucio, plaintiff herein, namely: Peter Castellucio, Jennie Castellucio, wife of Saverio Leauzia, Mary Castellucio, wife of Thomas Sciortina, Lena Castellucio, widow Edward Barbe, Emanuel Castellucio, and Lucia Castellucio the sum of one thousand seven hundred and fifty ($1750) dollars with five per cent per annum interest from March 22, 1924, till paid and all costs of suit.