242 So.2d 112 (1970)
Patrick THIBODEAUX, Plaintiff-Appellant,
v.
ST. PAUL MERCURY INSURANCE COMPANY, Defendant-Appellee.
No. 3183.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1970.
Rehearing Denied January 5, 1971.
Writ Refused February 10, 1971.
Daniel J. McGee and Bruce Rozas, Mamou, for plaintiff-appellant.
Thomas Robert Shelton, Rayne, for defendant-appellee.
Before FRUGE, CULPEPPER, and MILLER, J.
FRUGE, Judge.
This is an appeal from a summary judgment. The plaintiff, Patrick Thibodeaux, *113 was injured while riding as a guest passenger on the back of a motorcycle. The motorcycle was under the control of Carrol J. Thibodeaux, its owner, traveling east on U. S. Interstate Highway 10 when it veered to the right and collided with an automobile parked near the outer eastbound lane. Plaintiff, a minor at the time of the accident living with his father, brought this suit against St. Paul Mercury Insurance Company, his father's liability insurer, under the uninsured motorist provision, alleging that the motorcycle was an uninsured vehicle and that the operator was negligent in the operation of the motorcycle. He also contended that he was covered under the provision for expenses for medical services.
The trial judge sustained a motion for summary judgment, based on the argument that the policy did not include motorcycles under the term "uninsured automobile", but denied a part of the motion as applying to expenses for medical services.
The plaintiff appealed from the first part of the ruling for summary judgment. The second portion of the ruling is not before us because of the appellee's failure to timely answer the appeal. LSA C.C.P. Article 2133.
The insurance policy provides coverage under PART IV, PROTECTION AGAINST UNINSURED MOTORISTS,
"To pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the Insured, caused by accident and arising out of ownership, maintenance or use of such uninsured automobile; * * *."
Nowhere in the policy is the term "automobile" singularly defined.
The only issue presented is whether the use of the term "automobile" in the uninsured motorist provision of a liability policy must be construed to include a "motorcycle". This construction must be accomplished by giving full expression to the intent of the legislature in enacting the "uninsured motorist provision" in LSA R.S. 22:1406(D)(1). That statute states:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, and not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; * * *." (Emphasis supplied.)
Nowhere in this section is the term "motor vehicle" given a definition. Revised Statute 32:1(28), however, states that a: "`Motor vehicle' means every vehicle which is self-propelled, and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operating from rails." This chapter separately defines in R.S. 32:1(26) a "Motorcycle" as "every motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground, but excluding a tractor."
There is no denial that the enactment of these definitions was for a purpose unrelated to insurance protection. However, we choose to give LSA R.S. 22:1406(D)(1) its fullest import and to do this we accept these definitions of Title 32 as indicating the legislature's comprehension of the meaning of the term "Motor *114 Vehicle". This interpretation is in accord with the definition of the term "Motorcycle" in the holding of Laporte v. North American Accident Insurance Company, 161 La. 933, 109 So. 767 (1926). To take a more restricted view would render the uninsured motorist protection practically worthless. The insured would be paying for the additional coverage but getting little in return, particularly if the insurer could by manipulating the terms in the policy create arbitrary and self-serving distinction between different types of "motor vehicles". If such distinctions should be sustained then by using the word "automobile" the insurer could preclude liability in all situations where the insured was not hit by an "automobile". He would have no recovery if he was hit by a truck or bus. This is disastrous in view of the fact that in most cases one has no control over the type or structure of the vehicle that injures him. This would do an injustice to the purpose of the statute which is to afford protection to the insured against losses occasioned by any motorist who has not seen fit to obtain the proper insurance protection.
Admittedly in Labove v. Traders & General Insurance Co., 219 So.2d 614 (La.App.3rd Cir. 1969) we said that a motorcycle was not an automobile but that case arose under a "Non Owned Automobile" provision of a policy and we were not called upon to decide whether a motorcycle was an automobile under any uninsured motorist protection clause.
This broad definition of the term "automobile" gets some support from the policy itself. In PART IV PROTECTION AGAINST UNINSURED MOTORIST in the section entitled "Definitions" we find the following:
"The term `uninsured automobile' shall not include:
(4) a land MOTOR VEHICLE or trailer if operated on rails or crawlers-treads or while located for use as a residence or premises and not as a vehicle."
This specific exclusion of certain types of land motor vehicles indicates that the policy did include all land motor vehicles under its uninsured motorist provision and that the policy was written in compliance with the mandate of the legislature in LSA R.S. 22:1406(D)(1).
It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that this case be remanded to the lower court, and be proceeded with in due course and in accordance with the views herein set forth. The cost of the appeal is to be paid by the Defendant-Appellee.
Reversed and remanded.