251 So.2d 91 (1971)
Allen GUILLORY et al., Plaintiff-Appellant,
v.
Etley DESHOTEL et al., Defendants-Appellees.
No. 3484.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1971.
Rehearing Denied August 16, 1971.
Writ Refused October 15, 1971.
*92 John Saunders and Donald Soileau, Mamou, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, for defendants-appellees.
Before FRUGE, HOOD and DOMENGEAUX, JJ.
HOOD, Judge.
This suit was instituted by Allen Guillory, individually and in behalf of his two minor sons, for damages for personal injuries sustained by his sons as the result of a motorcycle collision. The suit was instituted against Phoenix of Hartford Insurance Company, Etley Deshotel and his minor son, Darryl Deshotel, and their insurer, Allstate Insurance Company. A summary judgment was rendered by the trial court dismissing the suit as to defendant Allstate, and plaintiff has appealed.
There is no dispute as to the pertinent facts. The legal issue presented involves the interpretation of an automobile insurance policy issued by defendant Allstate to Etley Deshotel, which policy was in effect at the time of the accident.
The pleadings and the receivable evidence show that a collision between two motorcycles occurred on a highway in Evangeline Parish, Louisiana, on August 1, 1969. One of the motorcycles was owned by one of plaintiff's sons, Joseph Austin Guillory, and the other was owned by his other minor son, Derrell Guillory.
At the time of the collision, Joseph Austin Guillory's motorcycle was being driven with his consent by defendant Darryl Deshotel, and the owner, Joseph Austin Guillory, was riding as a passenger on that machine. The other motorcycle was being driven by its owner, Derrell Guillory. While both motorcycles were being driven in the same direction along the highway, young Deshotel caused the vehicle he was driving to make a left turn into the path of the other motorcycle, and a collision occurred. Both of plaintiff's sons sustained injuries as a result of that collision.
There was in effect at that time a "Crusader Automobile Policy" which had been issued by defendant Allstate to Etley Deshotel, the father of the driver of one of the involved motorcycles. This insurance policy stipulated that the insurer *93 would pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages for bodily injury and property damages "arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile. * * *" The policy covered two Ford automobiles, both of which are specifically described in that policy. Neither of these automobiles was involved in the accident. There is no mention of or reference to a motorcycle in the policy.
Part One of the policy, which provides coverage for bodily injury and property damage, stipulates that an "insured" under that part, "with respect to a non-owned automobile," includes the named insured, Etley Deshotel, and "any relative, but only with respect to private passenger automobile or trailer." A "relative" is defined as one "who is a resident of the same household."
Plaintiff contends that Darryl Deshotel was an "insured" under the Allstate policy, because he is a relative of the named insured, Etley Deshotel, and he was operating a "non-owned automobile" at the time of the accident. He takes the position that a motorcycle must be classified as an "automobile," and particularly as a "non-owned automobile," within the meaning of the Allstate policy, and that young Deshotel thus is covered as an insured under that policy.
Part One of the policy defines an "owned automobile," insofar as that definition is pertinent here, as "a private passenger, farm or utility automobile described in this policy. * * *" A private passenger, farm or utility automobile is described in that part as follows:
"`private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile;
"`farm automobile' means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;
"`utility automobile' means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes;"
A "non-owned automobile" is described in that part of the policy as:
"`non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;"
Substantially the same provisions and definitions were contained in the automobile policy involved in Labove v. Traders & General Insurance Company, 219 So.2d 614 (La.App. 3 Cir. 1969). We held there that the word "automobile," as generally and popularly used, refers to a motor driven car with a body and having more than two wheels for support as protection to the driver against accidents. We concluded that the term "non-owned automobile," as used in the policy involved there, did not include a motorcycle. We think the ruling in that case should be applied here.
Plaintiff, however, points out that in Part Three of the policy, relating to "Automobile Death Indemnity and Automobile Total Disability Insurance," an "automobile" is defined as a "land motor vehicle." He argues that the policy must be considered as a whole and that under that definition a "motorcycle" must be included in the definition of an automobile. He also refers us to other provisions in that part, and in Part 2 of the policy, relating to "Expenses for Medical Service," which provide that coverage is afforded while insured is "in or upon" an insured automobile. The argument is that the word "upon" ordinarily would not be used in connection with an automobile, but it would be used with reference to the use of a motorcycle, and that the word "automobile" *94 as used in the policy thus was intended to include "motorcycle."
Plaintiff also argues that since several different types of automobiles are described in the policy, it is apparent that the word "automobile," as used therein, was intended to have a broad meaning, including motorcycles. It is claimed that since the definition of a "non-owned automobile" does not limit such a vehicle to the four-wheeled type, it must include a motorcycle.
We find no merit to these arguments of plaintiff. The demand in this suit is based on Part One of the policy, and we think the definitions and provisions in that part make it clear that coverage is provided only in connection with the ownership, maintenance or use of an "automobile," as that term was interpreted in the Labove case. It does not cover the ownership, maintenance or use of a motorcycle.
Plaintiff also relies on the cases of Laporte v. North American Acc. Insurance Company, 161 La. 933, 109 So. 767 (1926), and Thibodeaux v. St. Paul Mercury Insurance Company, 242 So.2d 112 (La.App. 3 Cir. 1970). We find that neither of these cases support the position which plaintiff takes here. In Laporte, for instance, our Supreme Court held that "motorcycle" was not included in the term "motor-driven car." In Thibodeaux, the issue was whether the uninsured motorist provision of the policy should be construed to include a motorcycle. We held that it should, but we based that holding on language used in LSA-R.S. 22:1406(D) (1) which related to uninsured motorist coverage. In arriving at that conclusion, we specifically referred to the Labove case, and we distinguished it from our holding in Thibodeaux.
Our conclusion is that the holding in Labove is applicable here, and that young Deshotel was not covered as an "insured" under the Allstate policy while operating a motorcycle.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.