253 So.2d 667 (1971)
Mrs. Almedia LEITCH, wife of/and Murrell WAKEFIELD, et al.
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.
No. 4497.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1971.
Rehearing Denied November 8, 1971.
Writ Refused January 6, 1972.
*668 William R. Forrester, Jr., New Orleans, for plaintiffs-appellants.
Robert E. Leake, Jr., New Orleans, for defendant-appellee.
Before LEMMON, STOULIG and BARNETTE, JJ.
In an automobile accident allegedly caused by the negligence of a person insured by Government Employees Insurance Company, Mr. and Mrs. Thomas M. Wakefield and their son, Glen, were killed instantly. Their daughter, Sharon, died in the hospital about two hours later from injuries received in the accident.
Plaintiffs, the father and mother[1] of Mr. Wakefield and the mother of Mrs. Wakefield, sued for the damages sustained by their respective children and for their own damages for the wrongful death of this couple, contending that neither was "survived" by a spouse or children within the contemplation of LSA-C.C. art. 2315. They alternatively claimed that the rights of action of the decedents survived in their favor and were inherited by them. Defendant filed exceptions of no cause of action and no right of action, with an alternative motion for complete or partial summary judgment. The trial court dismissed all demands except for property damage and funeral expenses, and plaintiffs appealed.
*669 PLAINTIFFS' CLAIM FOR INJURIES TO AND WRONGFUL DEATH OF MR. AND MRS. WAKEFIELD
LSA-C.C. art. 2315 provides as to damages (other than to property) when the tort victim dies:
* * * * * *
"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not."
The statute is abundantly clear that when a tort victim is survived by a spouse or a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death. Since the statute created a right in favor of the survivors of a deceased tort victim, the statute can also reasonably limit the categories of beneficiaries on whom the right is conferred. The legislature has reasonably chosen to exclude a parent's claim when the victim is survived by a spouse or a child.
In contending that the accident claimed all four lives almost instantly and that Mr. and Mrs. Wakefield were therefore not "survived" by a spouse or a child, plaintiffs ask us to ignore the fact that Sharon survived her parents and brother by two hours.
The legislature did not allow us, and we decline to assume, the prerogative to set an arbitrary time limit on the period by which a tort victim must be survived by a certain statutory class of beneficiaries in order for a right of action to accrue to a secondary class of beneficiaries. If any member of the preferred class survives the tort victim, the secondary class is precluded.
We therefore conclude that the plaintiffs have no right of action to recover for the damages sustained by Mr. and Mrs. Wakefield or for damages on their own behalf for the wrongful death of the couple. The exception of no right of action is maintained.

PLAINTIFFS' CLAIM AS SURVIVORS OF SHARON WAKEFIELD
In every claim under art. 2315 involving the death of the tort victim, it is essential to initially distinguish between survival of actions (an action for the damages sustained by the tort victim himself) and wrongful death actions (an action for damages sustained by the beneficiaries of the tort victim because of the death).
In this case there are potentially four wrongful death actions and four actions for personal injuries to the tort victim which survived in favor of certain beneficiaries. Plaintiffs' alternative claim asserts all eight rights of recovery.
Sharon Wakefield was in fact the last to die. As to the right of action for her personal injuries, plaintiffs contend that the issue of whether or not she sustained conscious pain and suffering during the two hours that she lived following the accident is a question of fact which cannot be decided on a motion for summary judgment.
*670 We find this contention irrelevant. If Sharon did in fact suffer pain during this period, her right to recover damages survived only in favor of the beneficiaries designated in art. 2315. When Sharon died, she was survived by neither spouse, child, parents, nor brothers and sisters. The plaintiffs are Sharon's grandparents, and nowhere in the statute are grandparents given the right to recover for injuries sustained by an injured person who subsequently dies.
The same reasoning applies as to plaintiffs' right of action to recover their damages because of Sharon's wrongful death.
We therefore conclude that the exception of no right of action must be maintained as to plaintiffs' claim for their own damages for the wrongful death of Sharon Wakefield, as well as their claim as survivors for the personal injuries sustained by Sharon Wakefield.

PLAINTIFFS' CLAIMS AS HEIRS OF SHARON WAKEFIELD
Prior to the 1960 amendment to LSA-C.C. art. 2315[2] upon the death of the statutory survivor-beneficiary who had the right to recover damages for the physical injury to or the wrongful death of a deceased person, this right died with him. The amended statute now provides that the right is inherited by the survivor-beneficiary's legal, instituted or irregular heirs, whether or not suit has been instituted.
Survival Actions
In the present case it is undisputed that Mr. and Mrs. Wakefield and their son died instantly and therefore sustained no conscious pain and suffering. Consequently, there were no damages in this regard to survive in favor of, or to be inherited by, their beneficiaries. Dauzat v. Great American Indemnity Co., 130 So.2d 805 (La.App. 3 Cir. 1961); Palmer v. American General Ins. Co., 126 So.2d 777 (La. App. 1 Cir. 1961), certiorari denied 1961.
The claim for damages, if any, sustained by Sharon has already been disposed of by exception.
Wrongful Death Actions
Four actions for wrongful death arose from this accident. The trial judge applied LSA-C.C. art. 939 and reasoned as follows:
"1. When the father died, the right to recover damages for his wrongful death survived for the spouse and two children.
"2. When the mother died, the right to recover damages for the wrongful death of the father (was inherited by the two children) and the wrongful death of the mother survived for the two children. (Parenthetic expression supplied).
"3. When the son died, the right to recover damages for the wrongful death of the father and the wrongful death of the mother (was inherited by the sister) and the wrongful death of the brother survived for the sister." (Parenthetic expression supplied)
We specifically do not pass on whether C.C. art. 936 et seq. establishing the presumptions of survivorship of commorientes are applicable to tort claims under C.C. 2315, since that determination is not necessary here.[3] If applicable, the trial *671 judge's outline is correct; if not applicable, the right to recover for all three wrongful deaths survived in Sharon's favor. In either case Sharon eventually acquired all three rights of recovery, which upon her death were then inherited by plaintiffs.
The judgment of the trial court recognized plaintiffs' right of action as to these three claims, but in effect held that the value of the claims must be calculated according to the damages suffered by the survivor-beneficiaries of each wrongful death. Since each survivor-beneficiary died instantly, the trial judge reasoned that each suffered not at all because of the death of the others, and the wrongful death claims inherited by plaintiffs had a value of zero.
Plaintiffs assign this reasoning as error, contending that the value of a claim for wrongful death should be calculated as of the moment of death of that tort victim. They therefore argue that the damages due to the survivors of Mr. Wakefield, for example, must be calculated without reference to the death of the survivors themselves.
The case of McFarland v. Illinois Central Railroad Co., 241 La. 15, 126 So.2d 183 (1961), cited in support of plaintiffs' argument, rejected consideration of the remarriage of a surviving widow and determined the damages as of the date of the wrongful death of the husband. By analogy, plaintiffs argue that the survivors of Mr. Wakefield are entitled to damages for his wrongful death based on his life and work expectancy, although the survivors themselves died for all practical purposes at the same time as Mr. Wakefield.
We reject this clever argument, because we believe that the right to recover damages for wrongful death conferred on the statutory beneficiaries contemplates the recovery of only those damages which have actually been suffered or can reasonably be expected to be suffered by the beneficiaries, themselves.
A serious problem in measuring damages for wrongful death is that, at the time of trial, the beneficiary has already suffered some damages (such as loss of support from the date of death to the date of trial) and will suffer additional damages in the future (such as loss of support from the date of trial forward into the future). In order to assess damages for future loss of support, the court fictionalizes this loss over the work life expectancy of the deceased. In this manner the beneficiary is compensated for the support he could reasonably expect to receive over that period of time, had not the deceased been wrongfully killed. But two basic assumptions must concur in applying this fictionfirst, that the tort victim would have lived and worked over his work life expectancy, and, second, that the beneficiary's life would also have extended over that period of time.
If the beneficiary has died by the time that the court assesses damages, certainly that fact must be considered in the assessment, because loss of support and other damages can then be actually (rather than fictionally) measured.
The value of an inherited right of action must be the amount the surviving beneficiary was entitled to receive from the time of death of the tort victim until the time of the beneficiary's death, at which time the right of action is inherited by the beneficiary's heirs.[4] Since the beneficiary must die in order for the heirs to inherit the right, it would be inconsistent to recognize the death as a basis for heirship and to disregard the death as a basis for evaluating the right which is inherited.
*672 In this case the surviving beneficiaries required no support and received none, and these claims for loss of support have a value of zero. To this extent the partial summary judgment was properly granted.
As to the claims for loss of love, affection, companionship and society, we believe that a material issue of fact remains in dispute. From the hospital records admitted into evidence by stipulation, it was shown that Sharon was in deep comatose and moribund upon admission to the hospital. Her condition during the period between the accident and her admission to the hospital remains at issue, and any proof of conscious recognition of the deaths of her parents and brother may warrant an award for this item of damages. No lengthy period of realization of the loss is necessary to give value to this claim. This is analogous to the sufficiency of a brief period of conscious pain and suffering before death, which gives rise to that item of damages. See Wiggins v. Lane and Co., 298 F.Supp. 194 (E.D.La. 1969); Hall v. State through Department of Highways, 213 So.2d 169 (La.App. 3 Cir. 1968).
Plaintiffs are entitled to attempt to prove their case as to this item of damages in the claim they inherited from Sharon for her loss of love and affection caused by the wrongful deaths of her parents and brother.
Accordingly, the judgment of the district is affirmed, except as to the issue of plaintiffs' claim inherited from Sharon Wakefield for loss of love and affection because of the wrongful deaths of her parents and brother, and in this respect, the judgment granting the motion for partial summary judgment is reversed. The costs of this appeal are to be equally divided between the parties.
Affirmed in part.
Reversed in part.
NOTES
[1] The mother of Thomas M. Wakefield died pending this appeal, and her husband, already a plaintiff, was substituted for her.
[2] For a detailed discussion of the historical development of the survival of actions and wrongful death actions conferred by LSA-C.C. art. 2315, see J. Wilton Jones Co., Inc. v. Liberty Mutual Ins. Co., 248 So.2d 878 (La.App. 4 Cir. 1971), writ denied, 259 La. 61, 249 So.2d 202 (1971).
[3] We pass this issue which is too important to argue unless squarely presented on the facts. Had all four victims been killed instantly, this court would have had to determine whether the right of recovery of a secondary class of beneficiaries is precluded when no primary beneficiaries actually survive the tort victim.
[4] See 43 A.L.R.2d 1291, 1303, § 9; citing Castelluccio v. Cloverland Dairy Products Co., Inc., 8 La.App. 723 (1928).