297 So.2d 268 (1974)
Catherine CHATEAU, Tutrix and Administratrix of the Estate of Rene Landry, III, et al.
v.
Bobby Joe SMITH and State Farm Mutual Automobile Insurance Company.
No. 6192.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Rehearing Denied July 3, 1974.
*269 Calvin J. Laiche, Pugh & Laiche, New Orleans, for plaintiffs-appellees.
Ben C. Toledano, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants-appellants.
Before REDMANN, SCHOTT and MORIAL, JJ.
REDMANN, Judge.
Mr. and Mrs. Rene Landry, Jr., were killed while riding their uninsured motorcycle when uninsured defendant, Bobby Smith, struck them with his car.
The insurer of Landry's two automobiles appeals from a judgment which held it liable under its uninsured motorist coverage and divided the total limits of $20,000 so as to grant the youngest of Mr. Landry's three minor children no part of the $10,000 award for Mr. Landry's death.
The principal question is liability. A secondary question is correctness of the division of the award.

LIABILITY
Appellant argues that its policy excludes coverage of its insureds while riding an uninsured motorcycle. The policy denies coverage "to an insured while occupying an automobile (other than an insured automobile) owned by the named insured". Appellant contends that since a motorcycle is an "automobile" for purposes of coverage, Thibodeaux v. St. Paul Mercury Ins. Co., La.App.1971, 242 So.2d 112, writ refused, 257 La. 622, 243 So.2d 533, a motorcycle is equally an "automobile" for purposes of exclusion, citing part of the majority reasoning in Elledge v. Warren, La.App.1972, 263 So.2d 912, writ refused, 262 La. 1096, 266 So.2d 223. The Elledge *270 majority deemed motorcycles automobiles for exclusion but reasoned the exclusion violated R.S. 22:1406(D)(1), mandating uninsured motorist coverage. Appellant asks us to rule that Elledge is correct in equating motorcycles to automobiles but wrong in annulling the exclusion.
We deem it unnecessary, in cases like Thibodeaux, to reason that the policy's coverage word "automobile" includes motorcycle. Since R.S. 22:1406(D)(1) requires coverage of injury by uninsured "motor vehicles", the only reasoning essential to a conclusion of coverage is that "motor vehicle" includes motorcycle.
Assuming the insurer might lawfully exclude coverage of a named insured on an owned but uninsured motorcycle, the present policy does not do so. It excludes the insured in an owned but uninsured "automobile". The term "automobile" does not ordinarily include a motorcycle; Laporte v. North American Acc. Ins. Co., 1926, 161 La. 933, 109 So. 767; Guillory v. Deshotel, La.App.1971, 251 So.2d 91, writ refused, 259 La. 810, 253 So.2d 67.
Our conclusion is that R.S. 22:1406(D)(1)'s coverage for "damages from ... operators of uninsured... motor vehicles ... because of ... death, resulting therefrom" is not made inapplicable to damages while on an owned uninsured motorcycle by an exclusion of coverage while occupying an owned uninsured "automobile".

DIVISION OF AWARDS

Within Scope of Appeal
A preliminary question for us has been whether we may review the division of the award. The defendant insurer alone appealed. There was no answer to the appeal.
The division of the award was not in favor of the appellant, and appellate modification of the division would not affect appellant adversely as to total liability. Our appellant, although appropriately devoting almost its entire argument to the serious issue of liability, itself called the division problem to our attention.
We conclude that an insurer has an interest in seeing awards for the death of its own insureds properly apportioned among its insureds' minor children.
Insofar as any of the three plaintiff children may have received an excessive apportionment, the insurer's appeal might ask reapportionment. Although the insurer does no more than suggest the issue we may therefore grant such a reapportionment under C.C.P. art. 2164. The children whose awards we reduce may not complain that C.C.P. art. 2133 (requiring an answer to an appeal to obtain modification of "any portion of the judgment rendered against [appellee] in favor of the appellant") prevents our reaching the just, legal and proper judgment that art. 2164 demands, since the appeal by the insurer could (if successful) have reduced those awards to zero. The third child's failure to appeal has not made the judgment in favor of those two children final. The defendant insurer's appeal has prevented the judgment in favor of those children from becoming final.

Division
The policies themselves, by their limits totalling $10,000 for each death, "divide" the overall total $20,000 recovery limits into $10,000 for the death of the husband and $10,000 for the death of the wife. Only one of the three minor plaintiffs is the child of the wife, but all three are children of the husband.
Unless the succession law survivorship rules of C.C. arts. 936 to 939 apply to require a different result, the three children are the only beneficiaries of C.C. art. 2315's wrongful death action; and the only child of the wife must receive the entire $10,000 payable for her instantaneous *271 death, and all three children of the husband must receive the $10,000 payable for his instantaneous death. Awarding the latter $10,000 to only two of the husband's three children would be error.
Wakefield v. Government Empl. Ins. Co., La.App.1971, 253 So.2d 667, writ refused ["not final"] 260 La. 286, 255 So.2d 771, declined to decide whether succession survivorship rules are applicable to "tort claims" (presumably both victim's surviving action and the survivor's own actions for the victim's wrongful death). There both parents and one child died together but a second child survived for two hours. Wakefield reasoned the three who died instantaneously had worthless claims, both in their actions for their own pain and suffering etc. and in their actions (as theoretical "survivors") for the wrongful death of the one or two who theoretically "died first".
A majority[1] of this panel concludes that, assuming that succession law survivorship rules are applicable, any claim the theoretically-surviving (C.C. art. 939) 23-year-old wife would have for the 26-year-old husband's death would be worthless. Thus her succession representative would not be entitled to any participation in the $10,000 available as damages for the husband's death (and we need not consider whether, if entitled, the succession representative is an indispensable party).
The sole beneficiary of art. 2315's allowance of an action for the wife's wrongful death is the wife's only child, Rene, who is entitled to the $10,000 insurance proceeds payable on account of her death. The husband's three children are entitled to the $10,000 insurance proceeds payable on account of his death. All three are very young children. We see no reason to divide the small amount available other than into equal portions.

DECREE
The judgment appealed from is amended to change the amount of the award payable by the insurer to the tutrix of Rene Landry, III to $13,333.34 and to the tutrix of Debra and Steve Landry to $3,333.33 for each. It is otherwise affirmed.
SCHOTT, Judge (concurring in the denial of the application for rehearing).
While I concur in the denial of the application for rehearing, I consider it necessary to clarify in the original opinion to which I subscribed the part where it is said that:
"A majority of this panel concludes that, assuming that succession law survivorship rules are applicable, any claim the theoretically-surviving (C.C. art. 939) 23-year-old wife would have for the 26-year-old husband's death would be worthless. Thus her succession representative would not be entitled to any participation in the $10,000 available as damages for the husband's death (and we need not consider whether, if entitled, the succession representative is an indispensable party)."
Because of practical considerations in this particular case I do not think it necessary to cope with the difficult problem of whether the doctrine of commorientes contained in LSA-C.C. Arts. 936 to 939 is applicable to a wrongful death action under LSA-C.C. Art. 2316. That question was not decided by our courts until this Court on June 26, 1974, decided Collins v. Becnel, Nos. 6263 and 6264 on our docket, 297 So.2d 506, 510, in which I dissented.
*272 If we assume that the doctrine applies we have the additional difficult problem of whether the wife's claim in the instant case is worthless since she lived only for a fictitious moment after her husband died. See Wakefield v. Government Employees Insurance Co., 253 So.2d 667 (La.App. 4th Cir. 1971). However, in McFarland v. Illinois Central Ralroad Company, 241 La. 15, 127 So.2d 183, our Supreme Court in holding that evidence of a plaintiff surviving spouse's remarriage since the date of her husband's wrongful death could not be considered in assessing the amount of recovery for his death, said the following:
"The reason for such doctrine appears to be that the loss suffered by the surviving spouse is determinable by conditions existing as of the date of the wrongful death such being the time when a right and a cause of action for the damages arises; and that the wrongdoer will not be permitted to show and rely on, and hence to benefit from, a remarriage in seeking a reduction of the damages for which he was responsible." Italics supplied)
The logical extension of the foregoing is that the loss suffered by the survivor is determinable by conditions existing at the moment of the wrongful death. Thus, evidence would be admissible in the instant case to show that the wife did in fact have a claim for the loss of her husband's love and affection, companionship, consortium and the like, and upon her death that claim passed to her legal heirs.
However, we are concerned with the sum total of only $10,000 to be divided among three young children and a 23-year old wife and there is little to be gained from an attempt to make a division.
Furthermore, no request for an apportionment was made in the first place by Rene's tutor, whose ward is the only person having any real interest in pursuing the matter. Under these circumstances I would consider it an academic exercise to concern ourselves with the difficult legal questions which have been suggested in disposing of this case and to attempt an apportionment any more precise than was made in the original opinion.
NOTES
[1] The author bases his concurrence in this point on the ground that C.C. art. 2315's wrongful death action is not a right transmitted by the death of the tort victim, and therefore is not governed by the succession law survivorship rules designed to solve the problem of to whom commorientes' property is transmitted by their deaths. In determining, from among the relatives injured by a tort victim's death, who is a survivor and may sue for his own damages, I see no comparable need to resort to fiction when the facts show that neither spouse actually survived the other.