MARION F. EDWARDS, Judge.
Plaintiff appeals the trial court’s granting of a summary judgment in favor of defendant on the issue of uninsured motorist coverage. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This case comes before us for the second time on appeal. In our previous opinion, Lee v. Davis,[1] we held that the trial court properly granted summary judgment in favor of defendants on the basis that the sudden emergency doctrine precluded a finding of negligence against the driver of the car in which plaintiff, Demond Lee (“Lee”), was a passenger at the time of a single car accident. The driver of the car, Brent Davis (“Davis”), had swerved to avoid an individual on a bicycle while traveling on Ninth Street near East MeAdoo Street in St. Charles RParish, when Davis lost control of the vehicle, which left the roadway and landed in a ditch.
After our initial opinion, Lee subsequently filed a supplemental and amending petition naming State Farm Mutual Automobile Insurance Company (“State Farm”) as the Uninsured Motorist insurer of Davis’ vehicle, and sought recovery under State Farm’s UM policy. State Farm then filed a Motion For Summary Judgment alleging that it did not provide UM coverage to Lee because the accident at issue had not been caused by the owner or operator of an uninsured or underinsured motor vehicle, but through the fault and negligence of a person riding a bicycle. State Farm further alleged that a bicycle does not fit the definition of a “motor vehicle” for the purpose of triggering its UM coverage.
After a hearing, the trial court granted State Farm’s Summary Judgment on May 25, 2004. In its Reasons For Judgment, the trial court specifically found that: 1) Louisiana jurisprudence establishes that a bicyclist is not an uninsured motorist; 2) The State Farm policy in pertinent part defines an uninsured motor vehicle to be a “land motor vehicle”, and; 3) Louisiana excludes the operation of a bicycle for the purposes of uninsured/underinsured coverage.
Lee timely filed the present appeal.
LAW AND ARGUMENT
On appeal, Lee’s lone assignment of error is that the trial court erred in holding that a bicycle is not a vehicle sufficient to trigger uninsured motorist coverage.
Summary judgments are reviewed de novo on appeal.[2] An appellate court therefore asks the same questions as does the trial court in determining whether summary judgment is appropriate, specifically whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as aRmatter of law.[3] Facts are material when their existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.[4]
La. R.S. 22:680(l)(a)(i) provides that the purpose of UM coverage is “for the protection of persons insured thereunder who are legally entitled to recover nonpunitive *755 damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom .... ” [Emphasis added]. In subpar-agraph (f) of La. R.S. 22:680, it is further provided:
(f) Uninsured motorist coverage shall include coverage for bodily injury arising out of a motor vehicle accident caused by an automobile which has no physical contact with the injured party or with a vehicle which the injured party is occupying at the time of the accident, provided that the injured party bears the burden of proving, by an independent and disinterested witness, that the injury was the result of the actions of the driver of another vehicle whose identity is unknown or who is uninsured or underinsured. [Emphasis added].
In the State Farm policy at issue, it states:
We will pay nonpunitive damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. Uninsured Motor Vehicle under coverage U — means:
1. a land motor vehicle ... [Emphasis as in the original].
In the case of Gaudin v. Leblanc;[5] this Court considered the definition of the term “motor vehicle.” In that case, the plaintiff contended that the meaning of the term “motor vehicle” should be extended to include injuries caused by a collision with a horse. While we noted that the uninsured motorist statute does not define the term “motor vehicle,” we reasoned:
Webster’s Third New International Dictionary (unabridged 1976), defines motor vehicle as “an automotive vehicle not operated on rails; esp: one with rubber tires for use on highways.” A horse does not conform to this definition of motor vehicle, to the common-sense meaning of the terms or to the definition of motor vehicle provided in the policy issued to plaintiff by defendant.[6]
lKIn arguing that La. R.S. 22:680 allows for uninsured motorist for accidents caused by a bicycle, Lee proposes, however, that we follow a multi-step analysis similar to the one used by the court in Thibodeaux v. St. Paul Mercury Insurance Company,[7] in which the court reasoned that the term “automobile” in the uninsured motorist provision of a liability policy must be construed to include a “motorcycle.” In Thibodeaux, the court referred to definitions set forth in the Louisiana Highway Regulatory Act, La. R.S. 82:1 to make a determination that a “motorcycle” is, in fact, a motor vehicle.
Lee urges this Court to now adopt a formula similar to Thibodeaux to determine that UM coverage can be triggered in accidents caused by a bicycle. Lee first asserts that subparagraph (f) of La. R.S. 22:680 uses the terms “automobile” and “vehicle” interchangeably. Lee next argues that, similar to what the court in Thibodeaux did, we should use the definition of “vehicle” supplied by La. R.S. 32:1(92), which provides:
“Vehicle” means every device by which persons or things may be transported upon a public highway or bridge, except devices moved by human power or used exclusively upon stationary rails or tracks. A bicycle or a ridden animal shall be a vehicle, and a trailer or *756 semitrailer shall be a separate vehicle. [Emphasis added].
Lee concludes, “The statute clearly defines a bicycle as a vehicle and, per the holding of Thibodeaux, the conclusion can only be that a bicycle is a vehicle and that the uninsured motorist stature[statute] is applicable.” We disagree.
Both R.S. 22:680 and the State Farm policy require that an accident result from an uninsured or underinsured “motor vehicle” or “automobile”. Noting a void of any jurisprudence that would direct us otherwise, we find that a bicycle does not comport with any known definition of “motor vehicle” or “automobile” or to the common sense meaning of what these phrases imply. Further, as Lee suggests, assuming arguendo that definitions provided for the | ^Louisiana Highway Regulatory Act somehow do have any bearing upon considerations involving uninsured motorist coverage, which they do not, we note that these same definitions would tend to defeat Lee’s own argument. La. R.S. 32:1(4) states that a “Bicycle” means “every device propelled by human power upon which any person may ride and designed to travel on two tandem wheels.” Section (40) of the La. R.S. 32:1 defines a “motor vehicle” as “every vehicle which is self-propelled, and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails, but excluding a motorized bicycle.” [Emphasis added].
Based upon our finding that a bicycle does not qualify as a “motor vehicle” for the purposes of triggering uninsured motorist coverage, and after a de novo review of the record, we find no error in the trial court’s determination that there is no genuine issue of material fact and that the defendants were entitled to summary judgment as a matter of law. For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the plaintiff-appellant.

AFFIRMED.

. 03-997 (La.App. 5 Cir. 12/30/03), 864 So.2d 780.

. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.

. Id.

. Id. at 751.

. 514 So.2d 232.

. Id. at 234.

. 242 So.2d 112; writ denied, 257 La. 622, 243 So.2d 533.