267 So.2d 257 (1972)
Curtis W. ROBINSON, Plaintiff and Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants and Appellees.
No. 3901.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1972.
On Rehearing September 19, 1972.
*258 Raleigh Newman, Lake Charles, for plaintiff-appellant.
Thomas W. Sanders, Camp, Carmouche, Palmer, Carwile & Barsh, by Harry E. Barsh, Jr., Lake Charles, Stockwell, St. Dizier, Sievert & Viccellio, by Fred H. Sievert, Jr., Lake Charles, Edgar Perkins, Jr., DeQuincy, for defendants-appellees.
Before SAVOY, HOOD and CULPEPPER, JJ.
*259 CULPEPPER, Judge.
The sole issue in this case is whether the defendant insurer can deduct the sum paid to plaintiff under its medical payments coverage from the sum which it is obligated to pay plaintiff under its uninsured motorist coverage. The district judge held the insurer is entitled to make the deduction. Plaintiff appealed.
The facts were stipulated. They show that plaintiff was a guest passenger in a vehicle driven by Charles J. Franks and insured by Insurance Company of North America. The Franks' vehicle was involved in an accident with an automobile being driven by William Derrick, who was uninsured. The accident was caused solely by the negligence of Derrick. Plaintiff's damages for personal injuries and medical expenses far exceed $7,000.
Insurance Company of North America, the uninsured motorist carrier of the Franks vehicle, paid plaintiff the sum of $2,500 under that coverage. Plaintiff's own automobile was insured by Allstate Insurance Company. It paid plaintiff the sum of $2,000 under its medical payments coverage. Plaintiff contends Allstate is obligated to pay him an additional sum of $2,500 under its uninsured motorist coverage. Allstate contends it can deduct from the $2,500 it owes under its uninsured motorist coverage, the policy limit of $2,000, which it paid under its medical payments coverage.
The uninsured motorist provisions of the policy state in pertinent part:
"(d) The company shall not be obligated to pay under this coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under the medical payments coverage of the policy."
The case of Bailes v. Southern Farm Bureau Casualty Insurance Company, La.App., 252 So.2d 123 (3rd Cir. 1971), involved the identical issue. We held the language of the policy clearly allowed the insurer the credit sought.
Under our decision in Bailes, the decision of the district court in the present matter must be affirmed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

ON REHEARING
We granted plaintiff's application for rehearing to consider a new issue which he raises for the first time in an amendment to his application. He contends he is entitled to "stack" the uninsured motorist coverages of $5,000 provided by the separate policies of the two insurers, for a total of $10,000. Plaintiff did not make this argument previously because of the jurisprudence from the courts of appeal preventing such "stacking", Bailes v. Southern Farm Bureau Casualty Insurance Company, 252 So.2d 123 (La.App.1971) and the cases cited therein. After the present case was appealed, our Supreme Court decided Graham v. American Casualty Company of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972) and Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972), which overrule the prior jurisprudence of the courts of appeal and hold that such insured motorist coverages can be stacked.
Plaintiff is clearly correct. Under these two recent cases from our Supreme Court, he is entitled to stack the uninsured motorist coverage of $5,000 provided under his host driver's policy with Insurance Company of North America and the coverage under the policy he carried on his own personal vehicle with Allstate Insurance Company. As stated in our original opinion, the parties stipulated that plaintiff settled his uninsured motorist claim against Insurance Company of North *260 America for $2,500. Nevertheless, he is entitled to recover the full $5,000 uninsured motorist coverage under his policy with Allstate Insurance Company. Of course, for the reason stated in our original decision, Allstate can deduct from the $5,000 uninsured motorist's coverage the sum of $2,000 which it paid to plaintiff under its medical payments coverage, which makes Allstate's net liability $3,000.
Defendant argues that since plaintiff did not raise the issue of stacking in the trial court, he is estopped to raise it in the appellate court. In Devillier v. City of Opelousas, 247 So.2d 412 (La.App.3rd Cir. 1971), we stated the rule as follows:
"Ordinarily, issues not passed on by the trial court are not reviewable by the appellate court. Nevertheless, the appellate court in discharging its duty to render a judgment which is just, legal and proper upon the record, has authority to consider any legal point or theory presented in the case, when the record contains all the evidence necessary to determine the question, even though no ruling was made on that issue by the trial court. LSA-C.C.P. art. 2164, and comment (a) under that article; Blanchard v. Ogima, 200 So.2d 374 (La.App. 4 Cir. 1967); Norman v. City of Shreveport, 141 So.2d 903 (La.App. 2 Cir. 1962); Ohanna v. Ohanna, 129 So.2d 249 (La.App. 4 Cir. 1961); Williams v. American Employers' Insurance Co., 10 So. 2d 516 (La.App. 1 Cir. 1942)."
Under this rule of appellate review, we consider the present case to be within the purview of LSA-C.C.P. Art. 2164 which requires the appellate court to "render any judgment which is just, legal, and proper upon the record on appeal."
Defendant also cites certain cases where issues raised for the first time on rehearing in the appellate court were not considered, Rayner v. Rayner, 216 La. 1099, 45 So.2d 637 (1950). This is a matter within the court's discretion. Under the circumstances of the present case, we think equity demands that we consider this issue, although not raised until rehearing.
For the reasons assigned, our original decision is recalled and set aside. Judgment is now rendered amending the judgment appealed so as to increase the award in favor of plaintiff and against Allstate Insurance Company from the sum of $500 to the sum of $3000. Except as amended, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed, as amended.