291 So.2d 923 (1974)
Lawrence ROBERIE, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 4438.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
Rehearing Denied April 11, 1974.
Writ Refused May 24, 1974.
Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
Plaintiff, Lawrence Roberie, was injured on June 16, 1972, in a "hit and run" accident while driving his 1964 Chevrolet pickup. Neither the other vehicle involved, nor its driver, were ever discovered. Defendant, State Farm Mutual Automobile Insurance Company, was the automobile liability insurer of the Chevrolet truck and provided uninsured motorist coverage of $5,000.00 for each person and $10,000.00 for each accident, as well as medical payments coverage of $2,000.00 to each person.
In addition, Mr. Roberie was the owner of a 1968 Plymouth automobile which was also insured by State Farm, said policy furnishing the same protection as the one on the Chevrolet.
Plaintiff sued the defendant-insurer alleging he was entitled to "stack" or combine the coverage afforded by the two aforementioned policies.
At trial it was stipulated that plaintiff sustained damages equal to or in excess of $10,000.00 and that the defendant had paid medical bills in the amount of $1,842.00. Judgment was rendered in favor of the plaintiff and against the defendant-insurer in the sum of $10,000.00. Only the defendant has appealed.
*924 The issues on appeal are:
(1) Whether plaintiff can "stack" the uninsured motorist coverage in the policy on his Plymouth automobile onto the uninsured motorist coverage afforded the Chevrolet pickup which he was driving at the time of the accident; and
(2) Whether defendant is entitled to a credit for $1,842.00 which it paid under the medical payments coverage against plaintiff's total award.
The facts show that on June 16, 1972, at approximately 3:00 A.M. the plaintiff was driving in a northerly direction on U. S. Highway 167 in Evangeline Parish. About one mile south of Ville Platte he met an unidentified vehicle in a curve which he testified crossed the center line of the highway sideswiping his pickup truck. As a result Mr. Roberie sustained serious and permanent injuries to his left hand and arm. Thereafter the plaintiff drove to Ville Platte for medical aid and was transferred to the Alexandria Veterans Administration Hospital where he was still receiving care at the time of trial. At trial the defendant denied the alleged negligence of the unidentified driver and alleged the contributory negligence of the plaintiff. However, the trial judge ruled adversely to the defendant on the question of liability and it is conceded in defendant-appellant's brief to this court that there is insufficient evidence in the record to warrant a reversal on the question of liability. Therefore we are only concerned with the aforementioned questions of law.
On the question of "stacking" the uninsured motorist coverages, the defendant-insurer argues that since plaintiff was riding in the Chevrolet pickup, uninsured motorist coverage on the Plymouth is excluded under the "Exclusions" found in Part IV of the policy dealing with uninsured motorist coverage, reading in pertinent part as follows:
"This policy does not apply under Part IV:
(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;"
The defendant alleges that this exclusion language, in addition to the definition in the policy of "insured automobile", i. e. "an automobile described in the policy for which a specific premium charge indicates that coverage is afforded," eliminates uninsured motorist coverage to the plaintiff under the Plymouth policy, since the Chevrolet is not described in the Plymouth policy.
We disagree and feel that the recent holding of this Court in Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3rd Cir. 1973) is controlling. See also Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972).
Therein the facts were very similar to those in our case. In Crenwelge, plaintiff and his daughter were injured when the Volkswagen, in which both were riding, and Mr. Crenwelge was driving, had a head-on collision with an uninsured vehicle, whose driver was found to be solely negligent. In addition to the Volkswagen, Mr. Crenwelge owned a Plymouth, both of which were insured by State Farm under separate liability policies, each providing for uninsured motorist coverage of $5,000.00 for each person and $10,000.00 for each accident. The defendant-insurer therein also argued noncoverage under the Plymouth policy by reason of the same "exclusion" provisions in the policy as in our case.
This Court concluded that to give the exclusion clause the effect as argued would be to eliminate the mandatory minimum coverage provided by the policy on the automobile not involved in the accident. In addition we found that under the Supreme *925 Court rulings in Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972) and Graham v. American Casualty Company, 261 La. 85, 259 So.2d 22 (1972), "it is clear that where two or more policies have actually been issued and the premiums for uninsured motorist coverage paid, the mandatory minimum coverages, as provided by the statute, [LSA R.S. 22:1406, subd. D(1)(a)] must be awarded under each policy." [Brackets ours] Thus we allowed the plaintiff in Crenwelge to "stack" or combine the $5,000.00 per person uninsured motorist coverages. The trial judge in our case, in effect, by awarding $10,000.00 did the same and we affirm his ruling.
On the question of whether the defendant-insurer should be given credit for the medical payments under Part II of the policy on the Chevrolet pickup in the sum of $1,842.00 against the $5,000.00 uninsured motorist coverage provided by Part IV, we adhere to the holding in Taylor v. State Farm Mutual Automobile Insurance Company, 237 So.2d 690 (La.App. 4th Cir. 1970). It was held therein that where the award for general damages exceeded the policy limits on uninsured motorist coverage, the insurer was obligated to pay the insured full limits of the policy, regardless of what it paid him under the medical payments coverage. Under the rationale of Taylor we therefore disallow defendant's claim for credit for medical payments previously paid.
The defendant-insurer argues such a holding is contrary to this court's decision in Bailes v. Southern Farm Bureau Casualty Insurance Company, 252 So.2d 123 (La.App. 3rd Cir. 1971). However, it is to be remembered that Bailes preceded the two Supreme Court decisions, Graham and Deane, mentioned above. In fact, the Crenwelge opinion, authored by the same judge who wrote Bailes, recognizes in the following cited language that Bailes is probably no longer controlling.
"The issue there [in Bailes] was whether any medical payments under part II of the policy must be credited against the $5,000 uninsured motorist coverage provided by part IV. We gave effect to the policy provision. However, our decision in Bailes was rendered before the Supreme Court decisions in Graham and Deane which, as discussed above, make it clear that the mandatory minimum coverage of $5,000 for uninsured motorists cannot be reduced by pro-rata clauses or excess clauses. We think the same rule would apply to the reduction of the mandatory minimum coverage for uninsured motorists by giving credit for medical payments." [Brackets ours]
For the above and foregoing reasons the judgment of the trial court is affirmed. The defendant-insurer is to pay all costs of this appeal.
Affirmed.