298 So.2d 915 (1974)
Jack L. WILKINSON, Plaintiff-Appellee,
v.
FIREMAN'S FUND INSURANCE CO. et al., Defendants-Appellants.
No. 4578.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
Rehearing Denied September 4, 1974.
Writ Granted November 8, 1974.
*916 Gist, Methvin & Trimble by H. B. Gist, Jr., Alexandria, for defendants-appellants-appellees.
Neblett, Fuhrer & Broussard, by Leonard Fuhrer, Alexandria, for plaintiff-appellee.
Davidson, Meaux, Onebane & Donohoe by Timothy J. McNamara, Lafayette, Gravel, Roy & Burnes by J. Michael Small, Alexandria, for defendants-appellees-appellants.
Stafford, Pitts & Stafford, John L. Pitts, Alexandria, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This action arises out of an automobile accident which occurred on February 8, 1972, wherein the plaintiff's minor son received injuries causing his death. The defendants are (a) the plaintiff's own automobile insurer, Lumbermen's Mutual Casualty Co., (b) Fireman's Fund Insurance Co., the insurer of the automobile in which plaintiff's deceased son was a guest passenger, and (c) Johnny R. Johnson, owner *917 and operator of the other vehicle involved in the collision, siad vehicle being uninsured.
The plaintiff sued both defendant-insurers under the uninsured motorist provisions of their respective policies. Fireman's and Lumbermen's had previously issued these two "Family" policies, each policy covering three different automobiles. Plaintiff sought to combine or "stack" the statutory minimum uninsured motorist coverage of $5,000 provided for each of the six insured vehicles and thus recover a combined total of $30,000 in damages. Plaintiff also asked that penalties and attorney's fees be assessed against Fireman's pursuant to LSA-R.S. 22:658. Fireman's in turn filed a third party action against Johnny R. Johnson alleging subrogation to the rights of the plaintiff against Johnson for any amount for which it might be cast in judgment as insurer.
Judgment was rendered in favor of the plaintiff and against the three defendants in solido in the following amounts: Johnson in the amount of $33,923.40 ($32,000 general damages, $1,923.40 special damages), Fireman's in the amount of $15,000 (said amount being a portion of the $33,923.40 adjudged above against Johnson), and Lumbermen's in the amount of $15,000 (also being a portion of the judgment against Johnson). Judgment was also rendered in favor of Fireman's as a third-party-plaintiff against Johnson in the sum of $15,000. Penalties and attorney fees allegedly due were also allowed in the original trial judgment, but after a hearing on a motion for a new trial, said judgment was amended to exclude these claims. Defendant-insurers have appealed and plaintiff-appellee answered the appeal alleging that penalties and attorney's fees should be granted.
The facts of this case are not in dispute. On the aforementioned date the plaintiff's minor son, Mark S. Wilkinson, was one of five guest passengers in a 1969 Oldsmobile owned by the Gillis W. Long Family and driven by their minor son, George H. Long. Said automobile was proceeding North on Louisiana Highway 1 and when approximately 1½ miles North of Boyce, Louisiana, at about 10:30 A.M., was struck by a 1967 Dodge, travelling South, owned and driven by the defendant, Johnny Johnson, who was attempting to pass another vehicle at a high rate of speed. All six occupants of the Long vehicle were seriously injured, including plaintiff's son who subsequently died as a result of injuries sustained.
It was stipulated at trial that: the accident occurred under circumstances as to render the defendant, Johnson, liable for wrongful death damages to the plaintiff under Art. 2315 of the Louisiana Civil Code; the defendant Johnson was an "uninsured motorist" in an "uninsured automobile" within LSA-R.S. 22:1406; each of the two "Family" policies involved cover three automobiles with "multiple car discounts" allowed[1] because of administrative savings involved in not having to issue separate policies. Said "discount" is not given when insurance companies, such as State Farm Mutual Automobile Insurance Co., require the issuance of separate policies on each automobile; a total of $8,105.03 has been paid by Fireman's to the four passengers, other than Wilkinson and Long, under the uninsured motorist provision; Fireman's has also paid $15,578.18 under their medical payments coverage to all of the passengers, except Wilkinson, and has paid plaintiff $1,923.40 under the same provision. An additional $77.60 was also tendered to and rejected by the plaintiff.
On this appeal the following issues are before us:
(1) Whether the plaintiff is entitled to "stack" uninsured motorist coverages in a single "family" policy issued *918 on three different automobiles.
(2) Whether amounts paid under medical payments coverage can be credited against the $5,000 uninsured motorist coverage.
(3) Whether the defendant-insurer, Fireman's, was arbitrary, capricious, and without probable cause in refusing payment sought under the uninsured motorist provision, thereby giving plaintiff a right to claim penalties and attorney fees.
The District Judge answered the first question in the affirmative, citing the two Supreme Court cases, Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972), and Graham v. American Casualty Co., 261 La. 85, 259 So.2d 22 (1972), as well as this court's decision of Crenwelge v. State Farm Mutual Automobile Insurance Co., 277 So.2d 155, (La.App. 3rd Cir. 1973), as authority.
In this regard defendants rely upon the "limits of liability" clauses found in their respective policies stating essentially:
"(a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to `each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."
Defendant-Lumbermen's alleges that under such provision the most plaintiff could recover under its single policy would be $5,000 since this is the maximum limit per person per accident under the respective uninsured motorist provision.
Defendant-Fireman's on the other hand argues that in respect to its liability there were multiple injuries involved in the accident and as a result each of the five occupants, including the plaintiff, should be limited to their pro-rata share of the $10,000 aggregate coverage afforded in the policy. As aforementioned, Fireman's has paid the other four occupants their prorata share totalling $8,105.03, or approximately $2,000 per person. As a result Fireman's admits only to owing $2,000 to the plaintiff.
In this context both defendant insurers argue that the holdings of Deane and Graham should be limited in scope to permit "stacking" of uninsured motorist coverages only if the claim is on separate and distinct policies and not where "family" policies such as those herein were issued. We do not however read the Deane and Graham cases to be so restrictive.
In our opinion Graham and Deane stand for the proposition that any clause in derogation of the mandatory requirements set forth in LSA-R.S. 22:1406 (Uninsured Motorist Statute) is invalid insofar as it conflicts therewith. The statute in effect requires uninsured motorist protection to be offered in all insurance issued "with respect to any motor vehicle" in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana. These Supreme Court decisions further hold that said statute does not prohibit an injured insured under uninsured motorist coverage from recovering the full minimum from each of several policies ("stacking") if the damages sustained warrants such a recovery.
Thus, (assuming multiple injuries were not involved) if we had six distinct policies issued by the defendant-insurers on the different automobiles, rather than the two herein, it is clear that Graham and Deane would require holding that plaintiff could recover the full minimum $5,000 under each of the six policies since his damages exceed $30,000.
*919 The defendants, however, would have us hold that as long as two or more separate policies on automobiles owned by the same family are issued, (for which two different premiums are paid) the uninsured motorist coverages can be "stacked". But, if in turn, an insured-to-be is issued a "family" policy on the same two or more automobiles, (for which two different premiums are also paid) then the uninsured motorist coverages could not be "stacked" and the insured would be limited to the minimal $5,000 (again assuming multiple injuries were not involved). Such a holding would be contrary to the intent of Graham, Deane, and the appellate court cases following them.
Admittedly in Deane, Graham and Crenwelge, supra, as well as in Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972) and Roberie v. State Farm Mutual Automobile Ins. Co., 291 So.2d 923 (La.App. 3rd Cir. 1974), writs denied 294 So.2d 830 (La.1964), separate policies were involved. But the clear intent of Graham, Deane, and the other cited cases is to the effect that if a plaintiff is issued insurance on two or more automobiles, pays premiums for two or more different uninsured motorist coverages, and sustains damages thereunder in excess of the mandatory minimal coverage, he can "stack" coverages and recover his damages. As stated in Elledge: "The Graham case makes it plain ... that the purpose behind the extra payment is not extra scope for a maximum coverage of $5,000.00 but an extra amount of coverage." This intent should not be circumvented merely because separate vehicle coverages are placed in one policy, rather than in multiple policies. Nor should the fact that the insurer allows "multiple car discounts" (admittedly for administrative savings) make any difference.
By reason of the foregoing, we feel just as the trial judge, that the plaintiff should be allowed to "stack" the uninsured motorist coverages in both policies on all six automobiles. Thus the decision awarding the plaintiff $15,000 against Lumbermen's Mutual Casualty Co. is correct.
However, as indicated in briefs filed by Fireman's, multiple injuries were involved and plaintiff's pro-rata share is allegedly only $2,000. This is correct insofar as one coverage under the "family" policy is concerned.
The principle is settled that where there are multiple claims arising out an accident, an insurer can enter into compromise settlements, pursuant to the right accorded it under the provisions of the policy, and may even exhaust the entire fund leaving one or more injured parties without recourse against the insurer, Richard v. Southern Farm Bureau Casualty Insurance Co. et al, 254 La. 429, 223 So.2d 858 (1969).
But as pointed out in the above discussion, we are of the opinion, and so hold, that coverages can be "stacked" on all three of the automobiles in the policy issued by Fireman's. Inasmuch as the other passengers settled with Fireman's and did not sue under the uninsured motorist provision, Fireman's liability is limited to $2,000 only insofar as one of the coverages is concerned. The other two coverages have the limits of $5,000 per person per accident. Therefore plaintiff is entitled to $12,000 in damages against Fireman's Fund Insurance Co., rather than the $15,000 as granted by the District Judge.
Regarding the second issue presented herein, defendant-Fireman's seeks credit for the $1,923.40 paid by it under the medical payments provision of its policy against the uninsured motorist coverage. We consider this issue settled, as indicated in our recent decision, of Roberie v. State Farm Mutual Automobile Ins. Co., supra. See also Crenwelge v. State Farm Mutual Automobile Ins. Co., supra, and Taylor v. State Farm Mutual Automobile Ins. Co., 237 So.2d 690 (La.App. 4th Cir. 1970). In Roberie we held "that where the award for general damages exceeded the policy limits *920 on uninsured motorist coverage, the insurer was obligated to pay the insured full limits of the policy, regardless of what it paid him under the medical payments coverage." We therefore disallow Fireman's claim for credit for medical payments previously paid.
The final issue concerns penalties and attorney's fees. The plaintiff asserts that such are due solely because of Fireman's reliance upon Robinson v. Allstate Insurance Co., 267 So.2d 257 (La.App. 3rd Cir. 1972) which allowed credit for amounts paid under medical payments coverage, against uninsured motorist coverage payments. Plaintiff argues that Fireman's must be charged with knowledge of the hereinabove referred to Crenwelge decision which was decided and reported at least three months before trial in the instant case. Therein, it is asserted that this court recognized the error of the aforementioned holding in Robinson and as a result the insurer had no basis for limiting its offer to $77.60 insofar as the uninsured motorist coverage was concerned.
In Bailes v. Southern Farm Bureau Casualty Ins. Co., 252 So.2d 123 (La.App. 3rd Cir. 1971) this court held that medical payments could in fact be credited against uninsured motorist coverage. Robinson, supra, followed Bailes. Both decisions were in conflict with the aforementioned 1970 Fourth Circuit Taylor case. Thereafter we handed down Crenwelge which indicated in dicta that the rationale of the Deane and Graham cases would likely preclude credit for medical payments against uninsured motorist coverage. After Deane and Graham this precise question was not however explicitly ruled upon until this court handed down Roberie v. State Farm Mutual Automobile Ins. Co., supra, subsequent to the trial of the case at bar.
Under the totality of circumstances herein we cannot say that the trial judge erred manifestly in denying penalties and attorney fees under LSA-R.S. 22:658.
For the above and foregoing reasons the judgment of the trial court is amended, insofar as it granted the plaintiff damages in the amount of $15,000 against the defendant-insurer Fireman's Fund Insurance Co., so as to reduce the foregoing amount to $12,000. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendants-appellants.
Affirmed, as amended.
WATSON, J., dissents, being of the opinion that the "limits of liability" clauses in the insurance policies prevent the stacking.
NOTES
[1] Actually, the "multiple car discount" amounts to $2 less than that charged for the initial coverage for each additional automobile insured.