320 So.2d 587 (1975)
Rose PHILLIPS and Ruby McKinney
v.
James J. BARRAZA et al.
No. 6883.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Rehearing Denied November 11, 1975.
Writs Refused December 19, 1975.
Patrick E. Jones, Bartholomew & Jones, Metairie, for Mrs. Rose Phillips, plaintiff-appellant.
Charles A. Boggs, New Orleans, for United States Fidelity & Guaranty Co., defendant-appellee; Montgomery, Barnett, Brown & Read, New Orleans, of counsel.
Craig R. Nelson, Hammett, Leake, Hammett, Hayne & Hulse, New Orleans, for Government Employees Ins. Co., defendants-appellees.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is an appeal by Mrs. Rose Phillips from summary judgments dismissing her suit against United States Fidelity & Guaranty Company and Government Employees Insurance Company, based upon uninsured motorists coverage provided in their insurance policies. There is no dispute as to the facts.
The parties to this appeal agree that on February 21, 1973 the vehicle in which Mrs. Phillips was riding was rear-ended by a vehicle owned and operated by James J. Barraza, and that the collision was solely caused by his negligence. Barraza was insured by a liability policy issued by Empire Fire & Marine Insurance Company containing limits of liability of $5,000 each person and $10,000 each accident. The vehicle in which appellant Rose Phillips was riding was owned by her and driven by Mrs. Ruby McKinney. Mrs. Phillips had a policy with United States Fidelity & Guaranty Insurance Company covering this vehicle with uninsured motorists coverage to the extent of $5,000 per person and $10,000 per accident. The driver, Mrs. McKinney held a policy with Government Employees Insurance Company providing similar uninsured motorist coverage to the extent of $5,000 and $10,000.
*588 Plaintiff contends that the two uninsured motorist policies of her driver and herself should be added together or "stacked" in order to afford her coverage in a total sum of $10,000. Since this coverage exceeds the $5,000 liability coverage of the other vehicle, that vehicle is an "uninsured motor vehicle" under the definition contained in LSA-R.S. 22:1406, subd. D(2)(b). That subsection reads as follows:
"(b) For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured."
Defendant contends that the two policies may not be added together or stacked, that each policy is for $5,000, that the meaning of the term "uninsured motorist coverage carried by an insured" is simply that the injured person must herself be the holder or owner of the policies to meet the generally accepted definition of insurance "carried" by an insured.
First, we note that the applicable law is as quoted above, having been placed in the uninsured motorist law by Act No. 137 of 1972, effective January 1, 1973. (The accident was Feb. 21, 1973.) The above definition has been changed by Act No. 154 of 1974 so that unquestionably coverage would be afforded in this case. We believe that coverage is also afforded under the 1972 amendment.
The basic answer to the dispute between these parties lies in the principle of "stacking". LSA-R.S. 22:1406, subd. D(1)(a) as reenacted in 1972 states as follows:
"D. (1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."
Since the recent cases of Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972), and Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972), the Louisiana Supreme Court has held that the limiting clauses in insurance policies relative to the application of other insurance as excess insurance or in a pro-rata fashion are unenforceable in a situation where, as here, the damages claimed exceed the total sum of the policies. The rationale of those cases is to require the recognition that each policy with applicable coverage must itself provide the minimum coverage of $5,000 required by the law. Thus in each case, although the policy situation may differ to some degree from the policy situation here, the court permitted the stacking of the policies such that the recoverable amount is the total sum of the policies added together rather than simply the $5,000 coverage provided in any one, or a pro-rata share not in excess of $5,000. The appellate courts have followed the principles of these cases, notably our brethren of the Third Circuit in the cases of Rascoe v. Wilburn, 295 So.2d 201 (La.App. 3rd Cir. 1974); Roberie v. State Farm Mutual Automobile Insurance Company, 291 So.2d 923 (La.App. 3rd Cir. 1974); Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3rd Cir. 1973); Robinson v. *589 Allstate Insurance Company, 267 So.2d 257 (La.App. 3rd Cir. 1972).
In the case of Barbin v. United States Fidelity and Guaranty Company, La., 315 So.2d 754 (1975) the Supreme Court had the occasion to reconsider the cases of Graham and Deane, supra, in the light of the enactment of the 1972 amendments. The court reaffirmed the principles announced in Graham and Deane and permitted the stacking of two separate policies issued to the owner of two vehicles (one of which was involved in the collision) so that the additional coverage was extended not only to the vehicle owner, but also to the passengers.
In the case before us we have two policies which afford coverage to plaintiff as occupant of the subject vehicle: One issued to plaintiff affording coverage as named insured and as passenger in her own named vehicle; the other issued to the driver of that vehicle covering passengers in a non-owned automobile. In each policy a specific premium charge was made for this uninsured motorist coverage. Clearly plaintiff-passenger is entitled to stack the coverages and thus coverage amounts to $10,000.
The case before us poses another question one step beyond the issue of stacking; that is, does the stacking of these two policies satisfy the requirements of the definition of uninsured motor vehicle. As we see it, the solution reached depends upon the method of approach to the problem. If one considers the meaning of the terms "uninsured motorist coverage carried by an insured" to mean only "policies owned by the victim", then it must be conceded that no stacking is permissible and the definition is not met. On the other hand, if one considers first that stacking is permissible under the law (and indeed it is required under theory of the cited cases) then the terms "uninsured motorist coverage carried by an insured" do not have to be transposed into other terms and the requirements are satisfied. The comparison required is between coverage and coverage, not policy and policy, and this coverage is "carried by an insured" in the sense that it is bought and paid for by a policy holder for the benefit of himself and others insured thereunder. We refer to the case of Rascoe v. Wilburn, 295 So.2d 201 (La.App. 3rd Cir. 1974) for a similar interpretation that these terms mean "total uninsured motorist coverage properly available to the insured tort victim". It is only this construction of Subparagraph (2)(b) that is consistent with the requirement of Subparagraph (1)(a) to provide coverage in not less than the minimum limits "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of * * * underinsured vehicles." To hold otherwise would be to reduce the required minimum coverage in each policy which the law requires, contrary to the principles established in the cases of Graham, Deane and Barbin, supra. We conclude that stacking is permitted under the factual situation here in order to meet the statutory requirement that the uninsured motorist coverage of the tort victim be in excess of the liability coverage of the tort feasor's vehicle.
Accordingly, we are of the opinion that the trial judge erred in granting the motions for summary judgment, dismissing the two insurors from the plaintiff's suit. Therefore, it is ordered, adjudged and decreed that the summary judgments appealed from in favor of United States Fidelity & Guaranty Company and Government Employees Insurance Company are now annulled and reversed, and there is judgment herein dismissing the motion for summary judgment of each defendant-appellee. The assessment of costs shall await the final outcome of the case, and this case is remanded to the trial court for such further proceedings as may be proper herein.
Reversed and remanded.