WATSON, Judge.
Plaintiff, Tommie Joe Seaton, filed this suit against defendants: Lod Hayes, Jr.; Conrad E. Kelly; State Farm Mutual Automobile Insurance Company; and Government Employees Insurance Company, to recover damages for personal injuries received in an automobile accident. On August 18, 1973, plaintiff Seaton was a passenger in an automobile owned and driven by defendant Kelly when it collided with a left-turning vehicle owned and occupied by Lod Hayes, Sr. and driven by defendant, Lod Hayes, Jr. State Farm was made defendant as the liability insurer of Kelly and Government Employees as the uninsured motorist insurer of plaintiff. State Farm and Government Employees filed third party demands against Lod Hayes, Sr. and Lod Hayes, Jr.
The trial court concluded that the sole cause of the accident was the negligence of the uninsured motorist, Lod Hayes, Jr., who was acting on behalf of his passenger father, Lod Hayes, Sr. Judgment for $12,283.65 was rendered against State Farm and for $10,000 against Government Employees, both in solido with the Hayes, Sr. and Jr. Additionally, there was judgment against the Hayes, Sr. and Jr., for $15,000. State Farm and Government Employees were given judgment over against the Hayes, Sr. and Jr.
State Farm has appealed from the trial court’s judgment, contending that it errs in allowing plaintiff to stack driver-owner Kelly’s uninsured motorist coverage under two separate policies insuring two separate automobiles.
Plaintiff’s damages are $37,283.65: $35,000 in general damages and loss of wages; and $2,283.65 in medical expenses. There is no question that the damages exceed the total of all the uninsured motorist coverage available.
Lod Hayes, Jr. .was operating an uninsured vehicle when he made a left turn in front of the Kelly vehicle, occupied by passenger Seaton. Government Employees Insurance Company had issued Seaton policies on two automobiles with uninsured motorist coverage of $5,000 per person on each. Government Employees paid Seaton $10,000 on these two policies prior to judgment and is not involved in this appeal.
Kelly had $5,000 per person uninsured motorist coverage in a policy written on the 1972 Ford Courier involved in the accident, together with medical expense coverage of $5,000. State Farm paid $5,000 under the uninsured motorist coverage and $2,283.65 under the medical coverage. State Farm also has a separate policy issued to Kelly on a 1968 Volkswagen automobile. The trial court awarded plaintiff the $5,000 uninsured motorist coverage on the policy insuring the Volkswagen. State Farm contends^ that plaintiff is not an insured under the second policy, based on the undisputed facts that plaintiff is not the named insured or a relative and was not an occupant of the Volkswagen at the time of the accident. State Farm attempts to distinguish Barbin v. United States Fidelity and Guaranty Co., 315 So.2d 754 (La.1975), because there the automobiles involved were covered by one policy.
*514 The sole issue on appeal is whether the plaintiff-passenger can recover under the uninsured motorist coverage of both policies issued to Conrad Kelly, although one policy insured an automobile not involved in the accident.
The principal thrust of State Farm’s argument is that plaintiff was not an “insured” under the second or Volkswagen policy.
State Farm’s position is not in accord with the language of its policies. An insured is defined in both policies, as follows :
“PART IV — PROTECTION AGAINST UNINSURED MOTORISTS
******
“(b) any other person while occupying an insured automobile; . . . ”
(Emphasis ours)
An insured is not limited by the policies to an occupant of the insured automobile but of an insured automobile. The plaintiff here was occupying an insured automobile, the Ford Courier. The fact that the two automobiles were insured under different policies, rather than under one as in Bar-bin is immaterial. The decisive factor in Barbin was that the injured party was entitled to all coverage for which a premium has been paid. Therefore, we find that Barbin is not authority for State Farm’s position.
State Farm’s contention is also contrary to the other jurisprudence dealing with “stacking”.
In the recent case of Phillips v. Barraza, 320 So.2d 587 (La.App. 4 Cir. 1975), an injured rider in her own vehicle was permitted to stack the uninsured motorist coverage of a policy carried by the driver on another vehicle. Thus, uninsured motorist coverage on a vehicle not involved in the accident was stacked with the insurance coverage of the owner-passenger. Writs were denied in Phillips at 323 So.2d 476 and 478, because the judgment was not final.
In Crenwelge v. State Farm Mutual Automobile Ins. Co., 277 So.2d 155 (La.App. 3 Cir. 1973), this Court stated:
“Under the Graham and Deane cases it is clear that where two or more policies have actually been issued and the premiums for uninsured motorist coverage paid, the mandatory minimum coverages,” as provided by the statute, must be awarded under each policy.” 277 So.2d 158
In Wilkinson v. Fireman’s Fund Insurance Co., 298 So.2d 915 (La.App. 3 Cir. 1974), writ granted to Wilkinson at 302 So.2d 304, writ denied to Fireman’s Fund Insurance Company at 302 So.2d 306, writ denied to Lumbermen’s Mutual Casualty Company at 302 So.2d 308, writ dismissed on joint motion at 309 So.2d 657, this Court made it clear that, if the insurer of an automobile in which plaintiff’s deceased son was a guest passenger had issued three separate policies rather than one family policy, there would be no question the coverage in all three policies could be stacked.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against defendant-appellant, State Farm Mutual Automobile Insurance Company.
Affirmed.
MILLER, J., dissents and assigns written reasons.