SUMMERS, Justice.
On September 8, 1967, Robert C. Graham filed a petition for damages, individually and on behalf of his then minor child, Sue Nell Graham, against several defendants, including Southern Farm Bureau Casualty Insurance Company and Wilson D. McCahill.
The cause of action was based upon an automobile accident which occurred on November 19, 1966.
When Sue Nell Graham reached the age of majority on October 30, 1967, she was substituted as a party plaintiff in addition to her father.
The case was tried and on November 24, 1969, judgment was rendered in favor of Robert C. Graham and against defendant, Wilson D. McCahill, in the sum of $24,746.02, and in favor of Sue Nell Graham, against Wilson D. McCahill in the sum of $25,000. Defendant Southern Farm Bureau Casualty Insurance Company was condemned to pay to plaintiffs, Robert C. Graham and Sue Nell Graham, the sum of $5,000 in the proportion of one-half to each plaintiff.
Plaintiffs then appealed to the First Circuit where the parties entered into the following stipulation:
On November 19, 1966, an accident occurred wherein Sue Nell Graham, then minor child of Robert C. Graham, received injuries.
Miss Graham was a passenger in an automobile driven by John R. Newkirk and owned by M. D. Collier.
The sole cause of the accident was the negligence of Wilson D. McCahill, an uninsured motorist.
The medical expense incurred by Robert C. Graham for his daughter totalled (sic) $24,746.62. Sue Nell Graham’s injuries entitled her to an award of $25,000.00 as stipulated for personal damages.
*90 No uninsured motorist insurance coverage nor any other similar insurance was available to petitioners by virtue of John R. Newkirk, M. D. Collier, or the Collier vehicle.
Southern Farm Bureau Casualty Insurance Company provided three policies of liability insurance to petitioners which were in force:
(a) Policy #L684847 issued to Sue Nell Graham providing $5,000.00 uninsured motorist coverage;
(b) Policies #L864440 and #L865866 issued to Robert C. Graham, father of Sue Nell Graham, each providing $5,000.00 uninsured motorist coverage.
All three policies are in evidence and form part of the appellate record.
The parties hereto agree that the above stated facts are designed to limit the appellate question to the amount of coverage and limit of liability of Southern Farm Bureau Casualty Insurance Company, limiting the appeal in accordance with Articles 2129-30 of the Code of Civil Procedure. It being understood however that Southern Farm Bureau Casualty Insurance Company is entitled to a judgment over against McCahill for whatever amount Southern Farm Bureau Casualty Insurance Company is cast.
Judgment was rendered in the Court of Appeal amending the judgment of the trial court condemning Southern Farm to pay to Robert C. Graham and Sue Nell Graham the sum of $5,000 each, to be prorated one-third under each policy in effect at the time of the accident. On rehearing, however, the Court of Appeal rescinded its original decision. The judgment of the trial court limiting the total award against Southern Farm to $5,000 was then reinstated as the judgment of the Court of Appeal. 244 So.2d 372.
We granted certiorari on plaintiffs’ application. 257 La. 982, 244 So.2d 856.
The insurer seeks to limit its liability under these policies to a total of $5,000, one-third to be contributed by each policy.
Uninsured motorist coverage in Louisiana is based upon requirements set forth in Section 1406 of Title 22 of the Revised Statutes requiring automobile liability insurers to provide coverage “in not less than” the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana (La.R.S. 32:872), that is, in an amount not less than $5,000 for bodily injuries to one person and $10,000 for all bodily injuries involving more than one person arising out of a single accident.
Each policy issued by the insurer contains this clause:
Other insurance:
With respect to bodily injury to an insured while occupying an automobile not *92 owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be claimed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.
Plaintiffs contend and the Court of Appeal held that the first paragraph quoted above is inapplicable to the facts of this case. On the other hand, Southern Farm argues that, because of this paragraph, only one policy afforded coverage under the jurisprudence which prevents “stacking” of uninsured motorist coverage.
We find this paragraph inapplicable to. the factual situation before us because the host vehicle (the Collier vehicle) did not have primary uninsured motorist coverage. That is to say, the uninsured motorist coverage (Part IV) applies only where there is similar (uninsured motorist) insurance available to such insured (Sue Nell Graham) and applicable to such automobile (M. D. Collier’s automobile being driven by John R. Newkirk) as primary insurance.
Thus the policy provision, that the uninsured motorist protection provided in the Sue Nell Graham policy and the Robert C. Graham policies was applicable only as excess insurance, cannot be invoked. The effectiveness of the “excess” clause is dependent upon primary insurance in the host vehicle — a condition not fulfilled under these facts.
The critical issue presented by this case involves the interpretation of the second paragraph quoted above. The terms of this second paragraph purport to prorate the liability if “other” insurance is available to the injured insured, limiting total recovery of the injured insured to an amount equal to the highest limit of the policies involved.
Since uninsured motorist protection is required by Section 1406 of Title 22 of the Revised Statutes to be offered by the insurer in connection with every automobile liability policy delivered in this state, those policies must conform with the statutory *94 requirements. In pertinent part the statute sets forth that
No automobile liability insurance shall be delivered or issued . . . in this state . . . unless
coverage is provided therein in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana ....
Read in connection with the above statutory requirement, the second paragraph of the “other insurance” provisions of the policies under consideration cannot be given the meaning Southern Farm advocates.
Although the statute quoted requires uninsured motorist protection and sets forth the minimum coverage the policies must provide, it does not prohibit or prevent an insurer from offering more than the minimum coverage specified. Thus there is no impediment to an injured party recovering more than the statutory minimum under an uninsured motorist endorsement. Nor does the law prevent an injured insured under uninsured motorist coverage from recovering the minimum from more than one insurer if the damage sustained warrants such a recovery. What the law does require is that each policy issued provide not less than the minimum $5,000 coverage. Proration does not take place when the damage claimed exceeds the sum of the policies under which the claimant is entitled to recover benefits under the uninsured motorist protection.
Any effort to. reduce the mandatory minimum coverage of each policy by “pro rata” clauses cannot be given effect by the courts.
We are supported in this conclusion by other authority. See Johnson v. Travelers Indemnity Co., 269 N.E.2d 700 (Mass. 1971) and authorities cited there. Cf. Box v. Doe, 221 So.2d 666 (La.App.1966), cert. denied, 254 La. 457, 223 So.2d 868; Wilks v. Allstate Insurance Co., 195 So.2d 390 (La.App.1967).
Based upon this conclusion, Sue Nell Graham’s damage claim being stipulated to be $25,000, she will have judgment against Southern Farm for $15,000 the maximum liability under each policy. Since, the, bodily injury liability is $5,000 for each person, Sue Nell’s father cannot also recover for medical expenses which would permit recovery in excess of the combined policy limits.
By stipulation the three policies were made part of the record. Pertinent to the claim of the father R. C. Graham is the following provision relative to the uninsured motorist coverage:
The limit of liability for uninsured motorists coverage stated in the schedule as applicable to “each person” is the limit of the company’s liability for all damages, including damages for care, or loss of services because of bodily injury sustained by one person as the result of any *96 one accident and, subject to the above provision respecting each person, the limit of liability stated in the schedule as applicable to “each accident” is the total limit of the company’s liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident ....
There is no ambiguity in the quoted clause, and its provisions are not in conflict with any statute or public policy brought to our attention. R. C. Graham’s claims are based upon the injury to Sue Nell Graham, and since she has recovered the maximum allowable for pain and suffering, no recovery can be had by her father for her medical expenses in excess of the policy limits.
For the reasons assigned, there is judgment in favor of Sue Nell Graham and against Southern Farm Bureau Casualty Insurance Company for $15,000 with legal interest from judicial demand and for all costs, and there is judgment in favor of Southern Farm Bureau Casualty Insurance Company on its third party demand over against Wilson D. McCahill in the amount of $15,000 with interest and cost.