316 So.2d 804 (1975)
Percy Charles BOURGEOIS et ux.
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.
No. 10348.
Court of Appeal of Louisiana, First Circuit.
July 8, 1975.
Rehearing Denied August 26, 1975.
Writ Refused October 24, 1975.
*805 Robert E. Leake, Jr., New Orleans, for appellants.
Prentice L. G. Smith, Jr., Baker, for appellee.
Before LANDRY, SARTAIN and BLANCHE, JJ.
BLANCHE, Judge.
The defendant, Government Employees Insurance Company (GEICO), appeals an adverse judgment of the Nineteenth Judicial District Court which awarded the plaintiffs, Percy Charles Bourgeois, et ux., the sum of $12,000, together with interest at the rate of 7 percent per annum from October 17, 1973, until paid, and all costs of the proceedings. We affirm.
The following facts were stipulated in the trial court:
On July 8, 1973, Percy Charles Bourgeois, Jr., a resident of the household of his father, Percy Charles Bourgeois, Sr., was struck and killed by a vehicle driven *806 by Eva Mae McCray while Bourgeois was a guest passenger riding on an uninsured 1967 Suzuki motorcycle in East Baton Rouge Parish.
At the time of the accident, Percy Charles Bourgeois, Sr., was insured by GEICO under its automobile liability policy No. 582-51-76. Two automobiles were insured under this single policy, a 1968 Pontiac with uninsured motorist coverage of $5,000 for a premium of $6 and medical payments coverage of $2,000 for a premium of $12.45; and a 1965 Willys with uninsured motorist coverage of $5,000 for a premium of $5 and medical payments coverage of $1,000 for a premium of $8.45. Eva Mae McCray was an "uninsured motorist" within the contemplation of GEICO's policy, and her negligence was the sole and proximate cause of the accident.
On October 17, 1973, the plaintiffs filed proof of claim for general damages as a result of the accident and death of their son exceeding the sum of $10,000 and funeral expenses exceeding the sum of $3,000.
On December 18, 1973, and again on January 7, 1974, GEICO offered to pay plaintiffs $7,000 in settlement of its policy obligations, which offers plaintiffs refused. The plaintiffs contended that the uninsured motorist and medical coverage benefits of the policy should be "stacked," thereby affording them a larger recovery. After a trial on the merits, the trial judge allowed "stacking" of the uninsured motorist coverage but refused it as to the medical payments coverage. The issues before this Court are the propriety of "stacking" uninsured motorist coverage on two vehicles covered on a single policy when two separate premiums are paid and the refusal to do the same regarding medical payments coverage.
Concerning the uninsured motorist coverage, GEICO relies upon its limits of liability clause to limit its payment under the policy to a total of $5,000. The clause reads as follows:
"Limits of Liability:
"(a) Regardless of the number of automobiles or trailers to which this policy applies, the limit of liability stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident; and, subject to the above provision respecting each person, regardless of the number to [sic] automobiles or trailers to which this policy applies, the limit of liability stated in the declarations as applicable to `each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident." (Exhibit D-1  Emphasis supplied)
LSA-R.S. 22:1406 requires automobile liability insurers to provide uninsured motorist coverage on all automobile insurance issued in this state in not less than the limits prescribed in the Motor Vehicle Safety Responsibility Law of Louisiana, in particular, LSA-R.S. 32:900, subd. B; that is, in amounts not less than $5,000 for bodily injury to one person and $10,000 for all bodily injuries arising out of a single accident.
In Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972), the Supreme Court the Supreme Court held that an "other insurance clause," or "pro rata" clause, could not be employed to reduce the uninsured motorist coverage of insurance below the statutory minimum.
The plaintiff therein had in force three separate policies of $5,000 each for uninsured motorist coverage and as his damages exceeded the total of the three, he *807 was allowed to "stack" them for maximum recovery.
The holding of Graham that the law requires that each policy issued must provide not less than the minimum $5,000 coverage regardless of attempts to reduce the minimum coverage of each policy by pro rata clauses was reiterated in Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972).
To distinguish Graham and Deane, supra, the defendant asserts that the instant case concerns a single policy which covers two automobiles, whereas the former cases dealt with separate policies for each automobile. The defendant then reasons that the Supreme Court mandate that every policy issued in the state afford the minimum $5,000 coverage for uninsured motorist has been complied with in the instant case. A fortiori he argues that the instant policy is a single policy, being No. 582-51-76, and being a single policy, it conforms with the mandate of R.S. 32:900, subd. B and Graham and Deane, in that it affords the minimum amount of protection.
It is clear from reading Graham and Deane that the Supreme Court considers that an unambiguous clause within an insurance policy should be given effect except where it runs afoul of some legal prohibition. In fact, that was the very foundation of both cases. In the instant case we are confronted by a clearly unambiguous clause which limits recovery under the instant policy to $5,000 per person per accident, even though two vehicles are insured therein, having a combined total liability of $10,000 per person. We must, therefore, determine if the limiting clause runs afoul of some legal prohibition.
Concerning defendant's contention that the law requires only that each policy offer the minimum coverage, we note that LSA-R.S. 22:1406 mandates said coverage for "any motor vehicle." R.S. 22:1406, subd. D(1) requires that:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits." (Emphasis supplied)
We note that the Court in Graham was faced with two separate policies insuring one automobile each, and when they interpreted the requirements of Section 1406, they simply said:
"Since uninsured motorist protection is required by Section 1406 of Title 22 of the Revised Statutes to be offered by the insurer in connection with every automobile liability policy delivered in this state, those policies must conform with the statutory requirements. In pertinent part the statute sets forth that
No automobile liability insurance. . . shall be delivered or issued. . . in this state . . . unless coverage is provided therein . . . in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana. . . ."
(Graham v. American Casualty Company of Reading, Pennsylvania, 259 So.2d at 24)
It can be seen, therefore, that the courts in Graham (and also in Deane) were deciding only the issue before them and were not contemplating the situation where two *808 vehicles were insured on the same policy. We are convinced that were they so confronted, the above quotation from Graham would not have omitted the all important words of Section 1406, to-wit:
". . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle . . .."
It can readily be seen that Section 1406 does not contain the word "policy" except where it allows the insured to reject coverage or select lower limits. Instead, it refers simply to "insurance." The Supreme Court obviously used the word "policy" because they were dealing with the simple situation of one vehicle insured by one policy.
In short, we hold that simply because the courts in Graham and Deane used the word "policy" when setting forth the holding that the statute declared the public policy of the State and imposes a mandatory minimum insurance liability under uninsured motorist coverage for every policy issued" (Deane, 260 So.2d p. 672), they did not intend that where more than one vehicle was insured on the same policy and separate premiums paid that recovery could be reduced to the minimum for only one of those vehicles. They simply did not address themselves to that problem. The plain wording of the statute is that no automobile liability "insurance" (not "policy") shall be issued in this state covering liability arising out of the ownership, maintenance or use of any motor vehicle without providing the minimum $5,000 per person uninsured motorist coverage required by R.S. 32:900, subd. B. This legal prohibition requires the limiting clause in the instant policy to be given no effect, just as was the "other insurance" clause in Graham, as its effect causes the instant motor vehicle to be insured for less than the statutory minimum.
Accordingly, if this insurer were allowed to pay its insured only $5,000, it is obvious that one of two options would be open to them. First, payment could be based entirely upon one vehicle's coverage and no payment made on the other, or second, each vehicle's coverage could be prorated and $2,500 paid for each. Under either option or variation thereof, the result runs afoul of the statute as interpreted by Graham and Deane.
We read Section 1406 as requiring that each and every time automobile liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle is issued in the State of Louisiana, it must contain at least the minimum coverage for insured motorists. The instant policy insured a Pontiac automobile and a Willys. The statute required uninsured motorist coverage for each, and Graham and Deane refuse to allow the limiting clause contained in the policy to provide less than the minimum coverage for each vehicle. Any effort to reduce the mandatory minimum coverage for any motor vehicle by a limitation of liability clause as in the instant policy cannot be given effect by the courts, Graham.
We are reinforced in our conclusion by the recent Third Circuit case of Wilkinson v. Fireman's Fund Insurance Company, 298 So.2d 915 (La.App. 3rd Cir. 1974), and our own case of Brister v. American Indemnity Company, 313 So.2d 335 (La.App. 1st Cir. 1975), which both allowed stacking of uninsured motorist coverages in a single policy and under similar circumstances.
Writs were applied for and granted to plaintiff in Wilkinson v. Fireman's Fund Insurance Company, 302 So.2d 304 (La. 1974). However, the application for writs on behalf of Fireman's Fund (302 So.2d 306) and Lumbermen's Mutual (302 So.2d 308) were denied with the statement: "No error of law." Thus, "stacking" of uninsured motorist protection in a multiple vehicle single policy situation was permitted to stand.
Regarding stacking of the medical payments protection, we quote approvingly *809 from the trial court's Written Reasons for Judgment:
"Concerning medical payments protection, the Government Employees Insurance Company policy contains the following `Limit of Liability' clause:
"The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or in behalf of each person who sustains bodily injury as a result of any one accident, regardless of the number of automobiles or trailers to which this policy applies.' (emphasis added)
"The law of Louisiana contains no provision for mandatory medical payments coverage in a policy of insurance (as it does for uninsured motorist protection). Therefore, it appears that the above clause is not in contravention of a statute or public policy and should be given effect.
"Similar clauses were given effect by the courts (and no `stacking' of medical payments coverage allowed) in Bost v. Hartford Accident & Indemnity Company, 242 So.2d 355 (La.App. 2nd Cir., 1970); Odom v. American Insurance Company, 213 So.2d 359 (La.App. 3rd Cir., 1968); and Guillory v. Grain Dealers Mutual Insurance Co., 203 So.2d 762 (La.App. 3rd Cir., 1967). See also Crenwelge v. State Farm Mutual Automobile Ins. Co., 277 So.2d 155 (La.App. 3rd Cir., 1973).
"Accordingly, it appears that the `Limit of Liability' clause should be invoked and the plaintiff should not be allowed to `stack' the two coverages.
"The coverage allowed should be the higher of the two coverages, or $2,000.00. There is some ambiguity in the construction of the `Limit of Liability' clause. The clause states that the limit of liability is the amount stated in the declarations as `applicable to "each person".' There are two different amounts `applicable to "each person",' (i.e. $1,000.00 for the Willys and $2,000.00 for the Pontiac).
"It is well settled that in policy interpretations of in construction of conflicts in policy clauses, or where ambiguity is present, the interpretation favoring coverage is the desired result. Blanchard v. Hanover Insurance Co., 250 So.2d 484 (La.App. 1st Cir., 1971)." (Written Reasons for Judgment, Record, pp. 31, 32)
The plaintiffs have alleged in their brief that the interest on the judgment herein should run from the date of the accident, July 8, 1973, rather than from the date of demand October 17, 1973, as was found by the trial court. Since the plaintiffs have not answered the appeal nor appealed in their own right, the judgment is final and they cannot now be heard to complain.
For the above and foregoing reasons, the judgment of the Nineteenth Judicial District Court in favor of the plaintiffs, Percy Charles Bourgeois, et ux., and against the defendant, Government Employees Insurance Company, in the sum of $12,000, together with interest at the rate of 7 percent per annum from October 17, 1973, until paid, and all costs of these proceedings, is hereby affirmed. The defendant-appellant is to pay all costs of this appeal.
Affirmed.