325 So.2d 638 (1976)
Millard J. PHILLIPS
v.
HARTFORD ACCIDENT & INDEMNITY CO.
No. 10552.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
*639 R. C. Edwins, Baton Rouge, for appellant.
Tom H. Matheny, Hammond, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge:
This suit, which is consolidated for trial with Phillips v. Hartford Accident & Indemnity Company, La.App., 325 So.2d 642, is for amounts allegedly due under two automobile insurance policies issued to Millard J. Phillips by Hartford Accident & Indemnity Company. Mr. Phillips is plaintiff and Hartford is defendant in each suit. Prior to trial, Mr. Phillips died, and W. Ray Sylvest, Administrator of his succession, was substituted as party plaintiff in both cases.
Policy No. 43 GF 640659 covered a 1963 Oldsmobile 98 driven primarily by Mr. Phillips during a policy period from April 26, 1963, until April 26, 1964.
Policy No. 43 GF 640608 covered a 1963 Oldsmobile 88 driven primarily by Mrs. Willie Mae Phillips, plaintiff's wife, during a policy period from January 23, 1963, until January 23, 1964.
Mrs. Phillips was involved in two automobile accidents in which she suffered various injuries. The first of these took place on April 6, 1963, while she was driving her car, the Oldsmobile 88. The second took place on December 13, 1963, while she was a guest passenger in her husband's car, the Oldsmobile 98.
These suits are for medical payments and total disability indemnity payments under the two policies, together with penalties and interest. After trial on the merits, by depositions, judgment was rendered dismissing both suits at plaintiff's cost, and he has appealed.
Both policies contain the following pertinent provisions relative to medical payments:
"Coverage BMedical Payments: to pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by the accident.

*640 "(a) while occupying the owned automobile,
"(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
"(c) through being struck by an automobile or by a trailer of any type; * * * * *
"5. Other Insurance. If there is other automobile medical payments insurance against a loss covered by Section II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; * * * * *"
The policies provide for a $2,000.00 limit of liability under the foregoing provisions and it is admitted that Hartford paid $2,000.00 for each accident.
Plaintiff contends, however, that the policies should be "stacked" so that $2,000.00 should be paid under each policy for each accident. The contention is based on language in various cases relating to stacking of uninsured motorist coverages, when more than one policy affords protection. See Graham v. American Casualty Co. of Reading Pa., 261 La. 85, 259 So.2d 22 (1972); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972). Those cases refused to give effect to clauses providing that, if more than one policy affording uninsured motorist protection was available, total recovery thereunder would be limited to the highest limit of liability provided by any of the policies. It was found that this limitation contravened the provisions of R.S. 22:1406.
There is no such statutory provision relating to medical payments, and no other reason is advanced for disregarding the limits placed on the payments by the terms of the policies. The courts of this state have already decided the point adversely to plaintiff's contention. See Crenwelge v. State Farm Mutual Automobile Ins. Co., 277 So.2d 155 (La.App. 3 Cir. 1973). We find plaintiff's contention to be without merit.
Policy No. 43 GF 640608, covering the Oldsmobile 88, contains an endorsement providing a $50.00 weekly indemnity for an unlimited period if either Mr. or Mrs. Phillips becomes totally disabled as the result of an automobile accident. The endorsement contains the following declarations and limitation:
"The named insured declares, with respect to each person designated in the Schedule as an insured under Coverage III or Coverage IV,
"(1) that such person is engaged in a remunerative occupation;
"(2) that the sum of the weekly indemnity afforded by this insurance and by all personal accident insurance carried by such person is not more than two-thirds of his average weekly earnings during the past twelve months."
"IIITotal DisabilityUnlimited Period. To pay weekly indemnity at the rate stated in the schedule for the period of continuous total disability of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon, or while entering into or alighting from, or through being struck by, an automobile, provided
"(1) such disability shall commence within twenty days after the date of the accident, and
"(2) any disability during the period of fifty-two weeks from its commencement shall be deemed total disability only if it shall continuously prevent the insured *641 from performing every duty pertaining to his occupation, and
"(3) any disability after said fifty-two weeks shall be deemed total disability only if it shall continuously prevent the insured from engaging in any occupation or employment for wage or profit."
The factual question presented herein is whether Mrs. Phillips is, as a result of the accident of December 13, 1963, suffering from total disability "which should result directly and independently of all other causes from bodily injury caused by the said accident."
In Moore v. Prudential Insurance Company of America, 278 So.2d 481 (La.1973), in interpreting a similar policy provision, the court said:
"1. As a general rule, it has been stated that if there is a pre-existing disorder or illness at the time an injury is received, recovery may still be had if the injury is severe enough to have caused considerable damage and if the disease was not the proximate cause or principal cause of the disability. 1A Appleman, Insurance Law and Practice, § 403 (rev.ed. 1941).
"2. In Thibodeaux v. Pacific Mutual Life Insurance Co., 237 La. 722, 112 So.2d 423 (1959), where the injury was found to be caused by accidental means and this occurrence awakened a pre-existing congenital condition or infirmity, recovery was granted. There we approved this statement of the law:
"We think that, if the accident is a proximate cause of the death (or disability) and sets in motion or starts a latent or dormant disease, and such disease merely contributes to the death (or dismemberment) after being so precipitated by the accident, it (the disease) is not a proximate cause of the death (or dismemberment) nor a contributing cause within the meaning of the terms of the policy."
It is claimed by plaintiff that Mrs. Phillips is totally disabled because of thrombophlebitis in both legs and because of psychoneurosis.
Mrs. Phillips has a long and involved medical history, involving a number of surgical procedures, and several fractures resulting from falls, in addition to the injuries suffered in her two automobile accidents. She has a history of emotional difficulties going back to 1957, and she attempted suicide in August, 1962.
Dr. William K. Gauthier, who has been Mrs. Phillips' treating physician since the December 13 accident, testified that she was totally disabled from the thrombophlebitis and the psychoneurosis, and that the disability stems from that accident.
Dr. Hyman R. Soboloff, an orthopedist, and Dr. Dennis Rosenberg, a thoracic and cardiovascular surgeon, examined Mrs. Phillips in May and July, 1964, respectively. During this period, she was said by Dr. Gauthier to be disabled from thrombophlebitis. Neither Dr. Soboloff nor Dr. Rosenberg were able to find any objective signs of that condition, other than Mrs. Phillips' complaints.
In early August, 1964, Mrs. Phillips spent five days in Tylertown Hospital. Dr. Jewell J. Pittman, who treated her for thigh and shoulder pain, noted no signs of thrombophlebitis and Mrs. Phillips had no complaint relative to her legs.
We further note that Mrs. Phillips often gave inconsistent histories to the many doctors who saw her after the December 13 accident. She was characterized by two of these doctors as a person who exaggerated her complaints.
Dr. Carolyn Kitchin, a psychiatrist, saw Mrs.Phillips in late 1964 and early 1965 on five occasions, and treated her with an anti-depressant drug. She was of the opinion that Mrs. Phillips was disabled as a result of her mental condition, which she attributed to menopause and reaction to Mrs. Phillips' son remarrying and moving *642 out of her home. She felt that the April 6 and December 13 accidents had a substantial impact on Mrs. Phillips' condition, and that the latter accident may have been the "last straw". Dr. Kitchin was not aware, however, of Mrs. Phillips' history of emotional difficulties, including the suicide attempt.
Dr. T. A. Watters, a psychoanalyst, saw Mrs. Phillips on one occasion. He attributed her emotional problems to five elements, of which her various accidents formed only one.
Considering all of the foregoing, as well as the testimony of several other doctors who saw Mrs. Phillips for various reasons, and considering the language of the Moore case, supra, we are of the opinion that the district judge was not manifestly erroneous in concluding that plaintiff failed to carry the burden of proof imposed by the law if there is to be recovery of benefits for total disability under the policy written by defendant.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
Affirmed.