355 So.2d 1371 (1978)
Malcolm Allen ROBERTSON, Plaintiff-Appellant,
v.
CUMIS INSURANCE COMPANY, Defendant-Appellee.
No. 6331.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
*1372 Kramer & Davis, James D. Davis, Alexandria, for plaintiff-appellant.
Stafford, Randow, O'Neal & Smith, H. Dillon Murchison, III, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and JOHNSON, JJ.
JOHNSON, Judge.
This appeal is from a dismissal by the trial court of plaintiff's lawsuit. The trial judge sustained a motion for summary judgment by the defendant. The case involves a question of insurance coverage. We consider that this is a proper case in which to consider a motion for summary judgment. There is no dispute about the facts. They are:
1) Malcolm Allen Robertson, Sr., father of the plaintiff, is domiciled and has his residence in Pineville, Rapides Parish, Louisiana. He owns two automobiles. Each of them is insured with the defendant, Cumis Insurance Company. Each has $10,000.00 in uninsured motorists coverage making an aggregate of $20,000.00.
2) Malcolm Allen Robertson, Jr., son of Malcolm Allen Robertson, Sr., was twenty years of age. He was stationed in Minot, North Dakota at the air force base and had been for a period of about a year and a half when the accident occurred. He was not married.
3) On July 30,1976, young Robertson was a guest passenger in the car owned and being driven by his friend, one William Nasiatka, in or near Minot, North Dakota. Nasiatka, through his fault alone, rear ended another vehicle causing extensive injuries to young Robertson. Robertson's injuries, for which he is entitled to recover, cannot be adequately compensated for by the $10,000.00 liability policy on Nasiatka's automobile.
4) Young Robertson filed suit in Rapides Parish for recovery under his father's uninsured (underinsured) motorist coverage on the two policies insuring his father's automobiles.
5) Young Robertson owned an automobile which he kept with him in North Dakota. Apparently, though the evidence does not make clear, it was not insured.
6) The facts show that young Robertson maintained his domicile with his father in Rapides Parish; that he was only away because of the fact that he was in the service. He always returned to his father's residence. There was a place for him there.
The trial court held that young Robertson was not an insured under his father's insurance policies because, although a resident of his father's household, he was the owner of a private passenger automobile. The district judge held that the purchase by young Robertson of his own automobile took him out of the classification of an "insured". This resulted in young Robertson not being an "insured" under the father's policies. A dismissal of his lawsuit by the trial court on the motion for a summary judgment resulted. The court held that one had to be an insured to be covered by uninsured motorist coverage.
The portions of the policies we are concerned with are:
"PERSONS INSURED: Under the liability and Medical Expense Coverages, the following are insureds:
(a) . . .
(1) . . .
(2) . . .
(3) . . .
(b) with respect to non-owned automobile,
(1) . . .
(2) a relative, but only with respect to a private passenger automobile or utility trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and . . ." (Emphasis by this Court)
"`relative' means a person related to the named insured by blood, marriage, or *1373 adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile." (Emphasis by this Court)
To begin with, we note that in order for one to be insured under the "uninsured" and "underinsured" provisions he must first be insured under the liability provisions. This seems to be so well established that we do not feel it requires further comment. See: Seaton v. Kelly, 339 So.2d 731 (La. 1976).
From the above policy language, we see that the first requirement for young Robertson to be covered by his father's policies is that he be a "resident of the same household", or of his father's household, since his father is the named insured under the two policies. Our courts have uniformly held that a person can have more than one residence. There are a number of cases so holding most of which are reviewed in the fairly recent case by this Court, Hobbs v. Fireman's Fund American Insurance Companies, 339 So.2d 28 (La.App. 3 Cir. 1976). Also, see Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3 Cir. 1976); LaFleur v. Seaboard Fire & Marine Insurance Company, 296 So.2d 860 (La.App. 3 Cir. 1974); and Manuel v. American Emp. Insurance Company, 228 So.2d 321 (La.App. 3 Cir. 1969).
From the foregoing jurisprudence we see that, in some respects at least, one, such as young Robertson here, can have a residence in two or more places. We find that he has a residence in North Dakota. We also find that he has a residence in his father's household. There is a place there for him. He always comes back there every time he gets leaves from the service. He spends his leave time with his parents. In accordance with the cases cited hereinabove, and the evidence herein, we find that he has a residence with his father.
We note again that the clause we are speaking of in the definitions in the insurance policy not only uses the word "resident" but in its complete sense is shown as "who is a resident of the same household".
We find that at times our Appellate Courts have made a distinction in the terminology, "resident" and "who is a resident of the same household". Our Louisiana Supreme Court dealt with this terminology in 1965, in the case of Taylor v. State Farm Mutual Automobile Insurance Co., 248 La. 246, 178 So.2d 238 (1965). This case involved a minor whose father's home was in Arkansas. The minor left his father's home in Arkansas and came to live with an uncle in Alexandria, Louisiana. The uncle in Alexandria secured employment for the minor. Sometime later the minor was involved in an automobile accident as the driver of his uncle's car. The policy involved, that is the policy on the father's car in Arkansas, with respect to the definition of relative, read as follows:

"Relativemeans a relative of the named insured who is a resident of the same household."
The Supreme Court held that the coverage of the automobile liability insurance policy of the minor's father, written on the father's car in Arkansas, covered this minor driving his uncle's car in Alexandria, Louisiana. The Court found the minor to be "a resident of the same household" as the father in Arkansas.
We find an opposite result in the case of Tingstrom and Ehrhard v. State Farm Mutual Automobile Insurance Company, 274 So.2d 911 (La.App. 1 Cir. 1973). In that case, the minor was on active duty as a member of the U. S. Navy. He had completed one and a half years on a three year enlistment. He was living in Atlanta, Georgia. He had been stationed there for a period of six months. The minor was temporarily at home with his father in Louisiana. The minor owned an automobile which was insured with State Farm. The father owned an automobile which was insured with State Farm. The minor had an accident in which he and his passenger were both killed. He was driving his father's vehicle at the time. The Court was required to interpret the question as to whether or not the minor "was a member of the same household" as his father. This was for the purpose of determining if the *1374 policy of the minor's car would cover him, under the circumstances. The Court held that the minor, under these circumstances, was not a resident of the same household as his father. This ruling resulted in the minor's insurance coverage following him in his father's automobile and covering his liability in this accident. The Supreme Court denied writs. Tingstrom and Ehrhard v. State Farm Mutual Automobile Insurance Company, et al., 279 So.2d 202 (La.1973). This holding seems directly opposite to the holding in Taylor, supra.
To the same effect as the Tingstrom case is a recent case, Branam v. Traders and General Insurance Company, 344 So.2d 1073 (La.App. 3 Cir. 1977). This case points out the problems arising with respect to interpretations of these definitions, "resident of the same household" in these insurance policies. This problem is present in the instant case but it is not necessary that we categorically decide this question since we agree with the trial judge on the other issue presented herein.
The district judge found that young Robertson would be excluded from coverage under his father's policy. Young Robertson was not a "named insured" on the policy so the only way he could qualify would be as an "omnibus insured".
As previously shown, the trial court found that he was a "resident of the same household" and we have pretermitted a finding on that question. However, for the purpose of considering whether or not he is an insured we must assume, arguendo, in order to consider his status as a relative, that he was a resident of the father's household. The trial judge held that young Robertson's purchase of his own automobile, under the clear language of the policy, eliminated him as a "relative" and therefore he was not an insured.
We find that this holding, too, is not free from difficulty. Rushing v. Allstate Insurance Company, 216 So.2d 875 (La.App. 1 Cir. 1968), is a case where the Court was faced with the problem of deciding whether (in a situation where a person owned two automobiles one of which was insured and one of which was not insured) the liability insurance covered the owner when he was driving the uninsured vehicle. The case held that there was no liability insurance covering the driver. It also held that without liability coverage there could be no uninsured motorist coverage.
In Elledge v. Warren, 263 So.2d 912 (La. App. 3 Cir. 1972), writ refused because the judgment was not final, 262 La. 1096, 266 So.2d 223 (La.1972) we rejected the result of Rushing cited hereinabove with respect to uninsured motorist coverage in instances where an insured is occupying an uninsured automobile owned by the named insured. We did not in that case, however, purport to alter or abrogate the well settled principle that in order for one to be insured under the "uninsured" or "underinsured" provisions, he must first be an insured under the liability provisions of the policy.
A recent case by the First Circuit Court of Appeal touches on the problem involved herein. The case is Chateau v. Smith, 297 So.2d 268 (La.App. 4 Cir. 1974), and we quote from page 270:
" Assuming the insurer might lawfully exclude coverage of a named insured on an owned but uninsured motorcycle, the present policy does not do so. It excludes the insured in an owned but uninsured "automobile". The term "automobile" does not ordinarily include a motorcycle; Laporte v. North American Acc. Ins. Co., 1926, 161 La. 933, 109 So. 767; Guillory v. Deshotel, La.App.1971, 251 So.2d 91, writ refused, 259 La. 810, 253 So.2d 67."
A case very similar to our case was decided by the Louisiana Supreme Court in 1972: Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972). The father in this case had two automobiles both of which were covered with liability insurance. His minor daughter, who apparently resided with him, had a vehicle in her name also with a policy of liability insurance covering her automobile. Each of the three policies had the amount of $5,000.00 in uninsured motorist coverage. The minor was a passenger in a car belonging to a *1375 friend. This car was uninsured. The friend had a collision with a stranger. That car was uninsured. The minor received injuries. Her father filed suit on the minor's behalf alleging liability under the uninsured motorist coverage of his two policies and under uninsured motorist coverage on his daughter's policy on her car. The Supreme Court allowed recovery of the full $15,000.00. The decision was concerned mostly with pro rata provisions of the policies and with the question of "stacking". The record in the Supreme Court and in the Court of Appeal, 244 So.2d 372 (La.App. 1st Cir. 1970), does not indicate whether the issue as to the minor being an insured under her father's two policies was ever questioned in either court. It is believed that the exclusion we are concerned with here is, and has been for some time, a standard provision of automobile liability insurance policies. We find this exclusion in the Rushing v. Allstate Insurance Company case, supra, a 1968 case.
The Graham case and our instant situation, we believe, are almost identical in facts which have bearing on the decision. The only differences (and we do not believe these differences would call for any divergence in the interpretation of the clauses we are concerned with in the insurance policies) are that in Graham, we have a minor while in our case the boy is of age. In Graham, the girl's car was insured. In our case, the car is uninsured. But in each case, we have the situation of a relative of the same household being the owner of his or her own automobile. This situation, under the exclusion we are dealing with here, clearly mandates that this boy or this girl not be an insured under the automobile liability insurance of the parent. In Graham the daughter's status as an insured under her father's insurance policies was not questioned. In Graham, this exclusion was possibly not in the policy. In our case, it is the only question before us for decision.
In Elledge v. Warren, supra, the party seeking uninsured motorist protection was an insured, albeit, driving an uninsured motor vehicle owned by him. In the cited case, we refused to allow an exclusion in the policy because it was contrary to our statutory scheme on uninsured motorist protection and stated:
"The purpose of the statute is to protect completely, those willing to accept its protection, from all harm, whatever their statuspassenger, driver, pedestrianat the time of injury, produced by uninsured motorists. The only restrictions are that the plaintiff must be an insured, the defendant motorist uninsured, and that plaintiff be legally entitled to recover. We will not enlarge upon these qualifications and restrict the coverage of such a socially desirable policy by allowing insurance companies to pursue alleged "business interests." (Emphasis ours).
In the instant case, plaintiff is not the named insured. Under the plain provisions of the policy an omnibus insured with respect to a non-owned automobile is a relative of the named insured, who is a resident of the same household, provided such relative is not the owner of a private passenger automobile. These terms are clear and unambiguous and lead to no absurd consequences and must be given effect as written since a contract of insurance like any other contract, is the law between the parties. LSA-C.C. Art. 1901; Vidrine v. Southern Farm Bureau Casualty Insurance Company, 247 So.2d 660 (La.App. 3rd Cir. 1971); Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965).
Considering the plain language of the policy, the evidence, and the jurisprudence, we hold that young Robertson, upon the acquisition of his own automobile, was no longer an insured on his father's two automobile liability policies. Since we so find, and particularly in line with Seaton v. Kelly, supra, which holds that one has to be an insured under the liability policy before having coverage under the uninsured provisions, we hold that young Malcolm Robertson is not covered by the uninsured motorist provisions of his father's policy.
We therefore affirm the trial court's judgment herein dismissing this suit at plaintiff-appellant's costs.
AFFIRMED.