368 So.2d 1200 (1979)
Edward MANUEL, Plaintiff-Appellee,
v.
AMERICAN INDEMNITY COMPANY et al., Defendant-Appellant.
No. 6909.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
Plauche, Smith, Hebert & Nieset, Reid K. Hebert, Lake Charles, for defendant-appellant.
*1201 Alvis J. Roche, Lake Charles, for plaintiff-appellee.
Brame, Bergstedt & Brame, David Fraser, Lake Charles, Raggio, Cappel, Chozen & Berniard, Richard B. Cappel, Lake Charles, for defendant-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
DOUCET, Judge.
Plaintiff instituted this suit to recover damages for fatal injuries sustained by his wife in an automobile accident on May 26, 1977. One of the defendants named in the suit was appellant, Southeastern Fidelity Insurance Company, the uninsured motorist carrier of an insurance policy on two vehicles owned by plaintiff at the time of the accident. Also named as a defendant was Aetna Casualty and Surety Company, the uninsured motorist carrier of an insurance policy on the car owned and being driven by plaintiff's wife at the time of the accident.
After trial, in addition to rendering judgment in favor of plaintiff and against the liability insurer of the other driver involved in the accident, the district court rendered judgment against the latter two insurance companies under the uninsured motorist provisions of those policies. The policy limits for damage caused by an uninsured or underinsured motorist under the Southeastern Fidelity Insurance Company policy were five thousand dollars for each vehicle. The district court allowed the coverage for the two vehicles to be "stacked" and awarded ten thousand dollars. Southeastern Fidelity Insurance Company appeals this judgment, contending that only five thousand dollars should have been awarded.
The following issues are before this court on appeal:
(1) Whether the district court erred in allowing the stacking of uninsured motorist coverage under the Southeastern Fidelity Insurance Company policy in view of Act 623 of 1977, which amended La.R.S. 22:1406(D).
(2) Whether the district court erred in failing to award penalties and attorney's fees to plaintiff, due to the appellant's refusal to pay up to the policy limits under La.R.S. 22:658.
Southeastern's policy contains exclusionary language prohibiting stacking. However, prior to the passage of Act 623 of 1977 by the legislature, the courts of this state had held repeatedly that such prohibitory language was contrary to public policy, which was provided for in La.R.S. 22:1406(D) and was without effect. Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Barbin v. United States Fidelity & Guaranty Company, 315 So.2d 754 (La.1975).
Act 623 of 1977 amended La.R.S. 22:1406, which now provides at § (D)(1)(c):
(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured *1202 motorist policy be available as excess over and above the primary coverage available to the injured occupant.
Under the above language, plaintiff would be limited to recovering Five thousand dollars from Southeastern, or the amount of coverage on one of the vehicles it insured, but not both. Southeastern contends that this is the law which is applicable to this case. We disagree.
Act 623 of 1977 did not become effective until September 9, 1977. As noted above, the accident which gave rise to plaintiff's cause of action took place on May 26, 1977. Southeastern argues, however, that the act was either interpretive legislation under Gulf Oil Corp. v. State Mineral Board, 317 So.2d 576 (La.1975, remedial legislation under Fullilove v. U. S. Casualty Company of New York, 129 So.2d 816 (La. App. 2nd Cir. 1961), or procedural. The thrust of the argument made is that the courts of this state had misinterpreted La. R.S. 22:1406 and that the legislature, by means of Act 623 of 1977, sought to correct this situation and reinstate its original intent.
We find this argument unpersuasive. The fact that in 1977 the legislature elected to limit the circumstances in which the stacking of uninsured motorist coverage is permissible does not in any way suggest that the judicial interpretations of that provision prior to its amendment were erroneous. We need not speculate about the numerous factors, economic or otherwise, which influenced the legislature's decision in order to recognize that a change was made in the law. Furthermore, that change operates to determine the substantive rights of the parties governed by it. Therefore, this court will not give the amendment retroactive effect in this case.
The remaining issue concerns the district court's refusal to award to plaintiff penalties and attorney's fees under La.R.S. 22:658 for Southeastern's failure to tender to him within the delay allowed the full amount to which he is entitled. Such failure must be arbitrary, capricious, or without probable cause under this provision.
The district court was of the opinion that it was not and refused to award these additional damages. Having reviewed all of the evidence, we do not think that this is an abuse of his discretion.
For these reasons, the judgment appealed from is affirmed in all respects. The costs of this appeal are to be borne by defendant-appellant.
AFFIRMED.